LOUISE A. RAUCH, Appellant, *v.* MOSSBERG GARAGE CORPORATION, Respondent.

Argued April 4, 1950; decided May 18, 1950.

*Charles E. Powers* for appellant. The Commercial Rent Law (L. 1945, ch. 3, as amd.) controls the rental of garage space in New York City. (*Shepard Warehouses* v. *Scherman,* 63 N. Y. S. 2d 421; *Esposito* v. *285 St. John's Place, Inc.,* 68 N. Y. S. 2d 18; *Carothers* v. *Bowles,* 148 F. 2d 554; *18 Beekman Place, Inc.,* v. *Wales,* N. Y. L. J., Dec. 19, 1947, p. 1821, col. 3, 273 App. Div. 965.)

*Sol A. Herzog* for respondent. The Legislature did not intend to include within the scope of this statute the typical garage-customer relationship here presented, nor does this statute even purport to include it. (*Sirom Estates, Inc.,* v. *Miller,* 186 Misc. 865; *Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571; *Morse & Grossman, Inc.,* v. *Acker & Co.,* 297 N. Y. 304; *Matter of Fifth Madison Corp.* [*New York Tel. Co.*], 297 N. Y. 155; *Sno-Wite, Inc.,* v. *Gerald Operating Corp.* 271 App. Div. 314, 297 N. Y. 1007; *United Merchants Realty & Improvement Co.* v. *New York Hippodrome,* 133 App. Div. 582, 201 N. Y. 601; *Hess* v. *Roberts,* 124 App. Div. 328; *Plane-*

*tary Recreations, Inc.*, v. *Kerns, Inc.*, 184 Misc. 340; *Kaypar Corp.* v. *Fosterport Realty Corp.*, 69 N. Y. S. 2d 313, 272 App. Div. 878; *Wash-O-Matic Laundry Co.* v. *621 Lefferts Ave. Corp.*, 191 Misc. 884; *Isaacson* v. *Ken Drug Corp.*, 195 Misc. 246; *Polner* v. *Arling Realty Inc.*, 194 Misc. 831; *WMCA, Inc.*, v. *Blockfront Realty Corp.*, 194 Misc. 932, 272 App. Div. 800; *White Way Arcade, Inc.*, v. *Broadway Turtle King, Inc.*, 273 App. Div. 281; *Matter of Rouss*, 221 N. Y. 81.)

*Per Curiam.* The Commercial Rent Law (L. 1945, ch. 3, as amd.) was not designed to, and does not, regulate the relationship between the operator of a public garage and one who has his automobile stored or garaged therein — at least where, as in the present case, no definite space is assigned to him. As is clear from its language, its history and its purpose, the statute extends its protective coverage only to those who, as tenants, either possess or occupy a specified and measurable area of commercial real estate. Obviously, one who simply garages a car in a public garage is not a tenant within the meaning of that statute.

The judgment of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment affirmed.