The People of the State of New York, Respondent, v. Fred C. Raker, Appellant.— Defendant appeals from a judgment of conviction of burglary, third degree, alleged to have taken place in the Town of Hunter, County of Greene on or about the 2d day of April, 1957 upon certain premises owned by Edward C. Delafield. He was found not guilty of grand larceny, first degree. The facts concerning the crime of burglary were sufficiently estab-

lished at the trial. The defendant became involved when he was found on the property late at night on April 11, 1957 by law-enforcing officers. After questioning he signed a written confession as to the crime for which he was convicted and which statement also included admissions of breaking and entering other premises in the county. The alleged error on which the defendant relies was the introduction of the written confession in evidence and which related to other alleged crimes aside from the one for which he was being tried and which was claimed to be prejudicial and constituted reversible error. The confession was received in evidence after the court had overruled an objection to its admission made by the attorney for the defendant but which was not germane to the issue raised herein. The District Attorney then started to read the confession to the jury and after some time came to a part which read " Q. Were you in any other places up in Onteora Park?", to which without objection he answered in the affirmative. After some further questions and answers concerning other matters, the attorney for the defendant objected to any testimony not relating to the crime for which he was being tried and which objection was sustained by the court with instructions to the jury to disregard any testimony " relating to any other premises or any other actions" not on trial. No further irrelevant part of the confession was read by the District Attorney and no other motions as to this facet of the case were made on behalf of the defendant. The jury did not see or read the alleged confession. We do not consider from the facts herein that the alleged error was of such a substantial nature as to grant a new trial. The confession was in question and answer form and when the objection was raised, the District Attorney immediately refrained from reading any other irrelevant parts and the court properly instructed the jury to disregard the testimony. Further mention was made in his charge to the jury that they were to consider only the testimony relating to the crime for which he was being tried. It has long been the established rule that a confession, relevant and competent as to the crime charged, is not rendered inadmissible because it also relates to other crimes. (*People* v. *Loomis,* 178 N. Y. 400, 405.) We do not have here the admission of an examination of a police officer and in which there was no admission or confession of the crime and it could only be used for the purpose of attempting to prejudice the jury (*People* v. *Infantino,* 224 App. Div. 193), nor do we have the creation of an atmosphere of prejudice throughout the trial such as was found in *People* v. *Carborano* (301 N. Y. 38). Here, the nature of the proof adduced, claimed to be prejudicial, was in a very limited zone, the objection to it was sustained by the court with instructions to the jury to disregard it and was not of such a substantial nature as to be prejudicial. There were no other motions made by the defendant as to this phase of the case. From a reading of the record the conclusion is inescapable that the defendant had a fair and impartial trial and that the resultant verdict was proper. Judgment of conviction unanimously affirmed.