■ REVIEW COMPANY, Appellant, v. GENERAL BRONZE CORPORATION, Respondent.— In an action for rent by the owner of property against the lessee under a written lease between the lessee and the prior owner (the United States of America, hereafter referred to as the "Government"), the plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered August 29, 1962 upon the court's opinion and decision after a nonjury trial (see 36 Misc 2d 209), as dismissed the complaint on the merits. Judgment, insofar as appealed from, affirmed, with costs. The lease between the defendant and the Government expired on June 30, 1961. The plaintiff took title on July 17, 1961. Under the terms of the contract of sale between plaintiff and the Government the latter expressly reserved, for 120 days after the closing of title, the right to remove, or to hold sales of, any items of Government-owned property remaining on the leased premises. By June 30, 1961, all property owned by the defendant had been removed from the premises. Thereafter, three of the defendant's employees remained on the premises in order to remove the Government-owned property pursuant to instructions of an Air Force officer on behalf of the Government. Such service was rendered by the defendant under a separate and specific contract between it and the Government; and all Government-owned property was removed by August 25, 1961, i.e., within the 120-day period fixed by the contract of sale between the plaintiff and the Government. Under these circumstances, the defendant is not liable for the payment of rent under a provision of the lease which imposed responsibility upon the lessee in the event it held over beyond the term of such lease, or in the event the lessee failed to remove *its* property from the premises before expiration of the term of the lease. None of the defendant's property remained on the premises after the termination date of the lease; and, in removing the Government-owned property, the defendant was acting for the Government. As between the plaintiff and the Government, the latter, in order to remove its property, had the right to remain on the premises at least until August 25, 1961. In thus acting for the Government in the removal of the Government's property, the defendant was not a bailee in the usual sense.

Rather, the defendant was a contractor rendering the specific service of removal under the Government's instructions. Even were the defendant to be considered a bailee, that fact alone would not create a landlord-tenant relationship between the plaintiff and defendant (cf. *Rauch* v. *Mossberg Garage Corp.*, 191 Misc. 220, affd. 191 Misc. 551, affd. 275 App. Div. 1030, affd. 301 N. Y. 38). Moreover, the record shows neither the exclusive possession by the defendant after June 30, 1961 (cf. *Kaypar Corp.* v. *Fosterport Realty Corp.*, 1 Misc 2d 469, affd. 272 App. Div. 878), nor any evidence of a collateral contract, express or implied, between the plaintiff and defendant (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267; *Deickler* v. *Abrams*, 159 N. Y. S. 2d 449, affd. 4 A D 2d 779; Real Property Law, § 220). Ughetta, Hill, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to reverse the judgment insofar as appealed from and to grant judgment to plaintiff on its complaint, with the following memorandum: This case does not involve the question whether plaintiff was excluded from possession of the realty after July 17, 1961, or the question whether the Government or the defendant " occupied " the property either after June 30, 1961 or after July 17, 1961. Instead, we are here concerned with an express promise made by the defendant and contained in a lease between the defendant and plaintiff's predecessor in title (the Government) to the effect that defendant would pay a stipulated sum for each day after June 30, 1961 accorded to it for the removal of " its " (i.e., the defendant's) property. It is true that title to the personal property was always in the Government. But this was personalty of which the defendant concededly had been a bailee for at least three years. As against the plaintiff, title to the bailed personalty was in the defendant (*Foulke* v. *New York Consolidated R. R. Co.*, 228 N. Y. 269, 275, and cases therein cited). The present action seeks to charge the defendant for the sums which defendant agreed to pay for each day after June 30, 1961 accorded to it for the removal of " its " personalty. The majority's determination would be correct, in my opinion, were the defendant not the bailee of the personalty to which the Government had title. The fact that the defendant was a bailee creates a vital difference. Vis-a-vis the plaintiff, the consequence of the bailment was to invest the defendant with the status of owner of the personalty. The defendant, therefore, up to August 25, 1961, was removing " its " property. The defendant must have clearly realized that this was the situation because it knew on April 10, 1961 that the plaintiff, as the successful bidder for the property, would acquire title to the realty; and also because on April 14, 1961 the defendant itself had contracted to effectuate the removal of the bailed personalty by June 30, 1961, for which work it was to be paid $85,000.