# Court of Appeals.

May, 1904.

## THE PEOPLE v. AUGUSTUS LOOMIS.

(178 N. Y. 400.)

1. CRIMES—EVIDENCE OF ONE CRIME INCOMPETENT TO ESTABLISH GUILT OF ANOTHER.

    That portion of a conversation, in which a defendant who has confessed therein his guilt of the crimes of burglary and larceny, which admits his guilt of another burglary not charged in the

indictment, is incompetent evidence to establish the former crimes where there is no legal connection between them and the latter burglary, and there is nothing in the conversation which renders it impossible for the prosecution to prove his confession of the crimes charged without also proving what he said about the crime not charged; and its admission under objection and exception constitutes reversible error.

2. SAME—EXCEPTIONS TO GENERAL RULE.

The whole of a conversation in which a defendant confesses his guilt cf a crime charged, although that confession may constitute only a part of such conversation, is competent in three classes of cases. 1. Those in which the confession of guilt is coupled with exculpatory or extenuating statements. 2. Those in which a confession, relevant and competent as to the crime charged, is not rendered inadmissible because it also necessarily relates to another crime. 3. Those in which each part of a conversation is so essentially interwoven with every other part that a confession of the crime charged cannot be proven without admitting evidence of the whole transaction; but in such a case the extraneous matter, if it tends to incriminate the defendant, should not be taken as substantive fact, and should only go to the jury under cautionary instructions from the court.

People v. Loomis, 76 App. Div. 243, reversed. . .

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 18, 1902, which affirmed a judgment of the Madison County Court entered upon a verdict convicting the defendant of the crimes of burglary in the third degree and of grand larceny in the second degree.

The facts, so far as material, are stated in the opinion.

G. P. Pudney for appellant.   It was error and improper to show that the defendant was guilty of another offense, that is, the burglary of the house of Mrs. Lewis. (People v. Crapo, 76 N. Y. 288; People v. McLaughlin, 150 N. Y. 386; People v. Place, 157 N. Y. 584; People v. Fitzgerald, 156 N. Y. 261; People v. Hurlburt, 92 Hun, 46; People v.

Corey, 148 N. Y. 489; People v. Sharp, 107 N. Y. 427; Pierson v. People, 79 N. Y. 435; Copperman v. People, 56 N. Y. 501; Mayor, etc., v. People, 80 N. Y. 364.)

M. H. Kiley, District Attorney, for respondent. The evidence of the witness Frank Vosburg, where he gives the conversation in which defendant admitted that he was one of the parties who committed the burglary and larceny, and in the same conversation admitted the burglary of the Lewis house, was competent. (Hope v. People, 83 N. Y. 418; People v. Van Tassel, 156 N. Y. 561; People v. Murphy, 135 N. Y. 450; People v. Place, 157 N. Y. 584; People v. McLaughlin, 150 N. Y. 355.)

WERNER, J.

The defendant appeals from a judgment affirming his conviction under both counts of an indictment charging him with the crimes of burglary and larceny, alleged to have been committed on the 17th day of September, 1898, in the town of Eaton and county of Madison. There is no controversy over the fact that the crimes of burglary and larceny were committed by some one, at or about the time stated in the indictment, upon certain premises owned by John E. Smith and Son in the town and county named. The question that was vigorously contested upon the trial was whether the defendant was one of the perpetrators of these crimes and upon this issue a jury has found the defendant guilty.

There are many exceptions to rulings in receiving and rejecting evidence that are now relied upon by the defendant as presenting sufficient grounds for the reversal of this judgment. A careful examination of the record has led us to the conclusion that the only exception in the case which

we cannot disregard as technical and unsubstantial under section 542 of the Code of Civil Procedure, is the one relating to defendant's alleged confession of a crime not charged in the indictment. Upon the direct case for the prosecution, a witness named Vosburg was permitted to testify that the defendant confessed that he was one of the perpetrators of the burglary and larceny charged in the indictment, as well as a burglary committed upon the premises of one Mrs. Lewis. The evidence relating to the Lewis burglary was given in response to a direct question asked by the district attorney, and was objected to by defendant's counsel as incompetent, improper and immaterial, because it tended to prove a separate and distinct crime not charged in the indictment.

The district attorney contends that the evidence of the defendant's confession of complicity in the Lewis burglary was competent, not only because it was part of the conversation in which he confessed his guilt of the crimes charged in the indictment, but because the crime confessed were part of a series of crimes said to have been committed by the defendant in concert with others, pursuant to a common plan or scheme. Counsel for the defendant, on the other hand, relies upon the general rule that evidence of one crime is inadmissible to prove guilt of another and wholly distinct crime. This general rule is so thoroughly settled and so commonly understood that without discussion thereof we pass at once to the consideration of the circumstances, which, it is claimed, except the case at bar from its operation.

It is said that a series of burglaries and larcenies had been committed in the county of Madison and vicinity, at about the same time as the crimes charged in the indictment, by a "gang" of which the defendant was a member, and that evidence of all or any of these crimes was, therefore, competent to establish the defendant's guilt of the crimes charged. The difficulty with this contention is that it is not borne out

by the facts of record. Beyond the reference to the Lewis burglary in the defendant's alleged confession to Vosburg, there is nothing in the evidence to justify the assertion of the learned district attorney, that other burglaries had been committed in that neighborhood, or that the finger of suspicion was pointed at the defendant in connection therewith. Nor is there any evidence that the burglary and larceny charged in the indictment were in the slightest degree connected with the Lewis burglary. It may be that the stolen goods recovered by the officers of the law were identified as belonging to different owners, and while that may prove that several burglaries or larcenies had been committed, it does not establish such a connection between these separate crimes as to make evidence of one competent upon the trial of another. If A steals a horse from one person, and a cow from another, the fact that both animals are found in the thief's possession does not make it competent to prove that the accused was guilty of stealing the cow, by showing that he stole the horse. That is precisely the logic applicable to the case at bar. The burglary and larceny charged in the indictment, and the Lewis burglary, are entirely separate and distinct crimes, and yet proof of one is relied upon in part to secure a conviction of the other. The case of Hope v. People (83 N. Y. 418), cited for the prosecution, not only illustrates the principle which justifies the reception of evidence tending to prove a crime not charged, if it is relevant and material upon the one that is charged, but it also serves to show the utter misapplication of the principle to the case at bar. In the Hope, case, the plaintiff in error was tried upon an indictment charging him with robbery in the first degree. The robbery was committed by a band of masked men, who took from the janitor of a bank the key thereof, and immediately thereafter burglarized the bank. It was held that proof of the burglary was competent, because it tended to show (1) that the robbery was part of a prior

scheme to rob the bank to which the accused was a party, and (2) that the evidence tended to show that the same persons who were identified as having participated in the burglary were also guilty of the robbery.   In the case at bar there is evidence of two distinct burglaries having no connection of time, place or circumstance, and no relation to each other except that the defendant is said to have been engaged in the commission of both.   The contrast between the Hope case and the case at bar is so marked that further discussion or citation of authority upon this point seems superfluous.

It is further claimed by the learned district attorney that Vosburg's narration of defendant's confession of the Lewis burglary was competent, because it was a part of the same conversation in which defendant admitted his connection with the crimes charged in the indictment, and Abbott's Criminal Trial Brief (p. 452) and State v. Underwood (75 Mo. 236) are cited as authority for this contention.   Abbott, in the work referred to, says:   "If the accused, in the same conversation or communication, confessed not only the crime charged, but another offense also, the confession of the offense charged is not thereby rendered inadmissible, but if that part be competent the prosecution has a right to prove the whole."   It is to be noted, however, that the authorities cited by the learned author very materially qualify his broad assertion.   In State v. Underwood (supra) the charge was murder in the first degree.   The prosecution was permitted to show that the accused had said that certain marks upon his pistol indicated the number of men he had killed and one of the marks was for the deceased.   This cogent and connected evidence does not, as it seems to us, support the broad dictum in the opinion, to the effect that the confession of a homicide and another crime in the same conversation, makes evidence of both competent, and it will be observed, moreover, that the court in that case took

occasion to add that "it was impossible to separate that portion of the conversation of the prisoner relating to the particular offense from that portion of the conversation relating to another offense." Another case cited by Abbott is Gore v. State (162 Ill. 259), but there it was distinctly held that a "confession by the accused of a crime other than that charged in the indictment, while not admissible as a substantive, fact, may, when not separable from a competent confession, go to the jury, under cautionary directions from the court." It is also clear that the authorities referred to in State v. Underwood (supra) do not support the contention made for the prosecution in the case at bar. In Barbour's work on Criminal Law (Vol. 2, p. 462) the learned author says : "In all cases the whole of the confession should be given in evidence, for it is a general rule that the whole of the account which a party gives of a transaction must be taken together, and his admission of a fact, disadvantageous to himself shall not be received, without receiving at the same time his contemporaneous assertion of a fact favorable to him, not merely as evidence that he made such assertion, but admissible evidence of the matter thus alleged by him in his defense." To the same effect are Greenleaf on Evidence (Vol. 1, sec. 218); Rex v. Cleeves (4 Car. & Payne N. C. 354), and State v. Carlisle (57 Mo. 102).

Thus we see that in three classes of cases it may be necessary or proper to take as evidence the whole of a conversation in which a defendant confesses his guilt of the crime charged, although that confession may constitute only a part of such conversation. The first class embraces those cases in which the confession of guilt is coupled with exculpatory or extenuating statements. The second class includes those cases in which a confession, relevant and competent as to the crime charged, is not rendered inadmissible because it also necessarily relates to another crime. In the third class are the cases in which each part of a conversa-

tion is so essentially interwoven with every other part that a confession of the crime charged cannot be proven without admitting evidence of the whole transaction; but in such a case the extraneous matter, if it tends to incriminate the defendant, should not be taken as a substantive fact, and should only go to the jury under cautionary instructions from the court.

The mere statements of these exceptions to the general rule, that evidence of one crime may not be used to establish guilt of another, very clearly indicates that the case at bar does not fall within either of them. There was no legal connection between the Lewis burglary and the crimes charged in the indictment. Nor was there anything in the nature of the conversation between Vosburg and the defendant which rendered it impossible to prove the latter's alleged confession of the crimes charged without also proving what he said about the Lewis burglary. On the contrary, a simple statement from the district attorney that he desired only that portion of the conversation which related to the crimes charged would have eliminated everything else without the slightest injury to his case. Not only was this salutary and necessary precaution wholly omitted, but in the most explicit language the district attorney directly called forth the forbidden evidence, and the court received it, notwithstanding the proper objection and exception of defendant's counsel. We cannot say that the error thus committed did not affect the substantial rights of the defendant. It may be that he would have been convicted without the evidence of his confession of the Lewis burglary, but it is enough to say that it may also have been sufficient to resolve against him any reasonable doubt that might previously have been entertained as to his guilt.

The judgment of conviction herein should be reversed and a new trial granted.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and CULLEN, JJ., concur.

Judgment of conviction reversed, etc.