Van Voorhis, J.
(dissenting). During the afternoon of November 20, 1952 a grocery storekeeper named Samuel Cohen was shot and killed in his store at 224 West 238th Street, Bronx. The shooting occurred during a robbery. This was an unsolved felony murder for more than eight years until one Herrmann, who had moved to Chester, New York, confessed on February 13, 1961 implicating himself and appellant. Herrmann, who is now dead, told the State Police on this occasion that he had entered the grocery and fired the fatal shots while committing a robbery. Herrmann told the trooper that appellant, who was then 16 years old, remained outside while he, who was then 21 years old, went inside and did the job. In this statement Herrmann said that appellant originated the idea of perpetrating this robbery, and had asked him whether he had a gun with which to accomplish it. Herrmann was tried jointly with appellant, but neither one of them testified. The victim, Samuel Cohen, made a dying declaration in which he said that “ two white boys ” had shot him.
Appellant made statements in which he admitted that he had gone to this store with Herrmann, who was his friend, that he was outside while Herrmann went inside and the shooting occurred, but said that he had simply gone for an afternoon train ride with Herrmann on the elevated railroad, that he did not know that Herrmann was carrying a gun, and denied that there had been any conversation concerning the commission of a robbery or that he knew what Herrmann’s purpose was in entering Cohen’s store. He denied that he acted as lookout, and said that he was simply waiting for Herrmann outside the store until he returned.
The question is whether appellant was proved guilty beyond a reasonable doubt under the doctrine of such cases as People v. Ledwon (153 N. Y. 10) and People v. Jelke (1 N Y 2d 321, 335). The dying declaration of Cohen that he was shot by two white boys obviously identifies nobody. In spite of that statement by the victim, this felony murder went unsolved for eight years until Herrmann decided to talk. Even so, he declined to testify at the trial with the consequence that appellant was not impli *822 cated in the crime by Herrmann except through his hearsay declaration to the State Police. That constitutes no leg’al evidence against appellant. Although, when Herrmann’s statement or confession was admitted into evidence, the Trial Judge stated that it was binding only upon Herrmann, when it came to the charge the Trial Judge reminded the jury that Herrmann had told the police that in committing the robbery he had an accomplice (by which the jury must have understood appellant to have been designated), and in summation the Assistant District Attorney dwelt upon the fact that in his confession Herrmann related “ that the robbery had been in the Bronx and that Fred Floyd was with him when he went into the grocery store to hold up the grocer ’ ’ by which the jury were reminded of the other portions of Herrmann’s statement in which he had said that appellant, Floyd, put him up to the robbery and knew that he had a gun on his person when he entered the store. This confession by Herrmann might well have been redacted so as to eliminate the references to appellant, which were readily severable from the portion of the confession by which Herrmann implicated himself, to the end that the jury would not have had before them this hearsay declaration implicating appellant (People v. Loomis, 178 N. Y. 400, 406).
Although these errors of law, if such they were, have not been preserved by exception to rulings of the Court, since this is not a capital case inasmuch as appellant has received a sentence of life imprisonment, the circumstance remains that this crime went unsolved except for the confession of Herrmann, which is legally not binding on appellant, and that, although the circumstantial evidence including the dying declaration might be sufficient to supplement a confession by appellant under section 395 of the Code of Criminal Procedure, as constituting additional proof that the crime charged has been committed, such evidence would be manifestly insufficient on which to convict appellant except for his alleged confession. When one examines what appellant stated to the Police Detective and the District Attorney, which was offered as constituting a confession, it is seen to fall short of what is necessary to implicate appellant in the commission of this felony murder. The substance of what he is quoted as having stated has been earlier set forth in this opinion. That was insufficient on which to convict him beyond a reasonable doubt. The upshot was *823 simply that he went out with his friend Herrmann for an elevated train ride in the afternoon, and that after they got off the train Herrmann went into a grocery store while appellant awaited his return outside the store. He said that he was looking towards the street, but that does not prove that he was stationed there to act as a lookout to give warning if anyone else would enter the store. In fact, in this very statement, on which alone appellant has been convicted, he said that another man did enter the store while Herrmann was inside. That, in itself, tends to negate any inference to be drawn from this statement that appellant was posted there to give warning, inasmuch as he did not give any warning when he said that this third person entered the store. Although in his examination by the Assistant District Attorney appellant changed his story to the extent of stating that at some time he went into the store, which could be used to impair his credibility if he had testified or to show evasiveness, it does not take the place of evidence of his complicity in the commission of this crime. It does not prove that he knew Herrmann’s purpose in entering the store in contradiction of the denials which he made, at the same time and in the same statements, that a robbery had been planned or that he knew that Herrmann had a gun on his person or that appellant was more than, as he said in the statements, an innocent bystander. We may doubt the veracity of these statements, but cannot hold him guilty on the basis of these statements without other evidence convicting him of the commission of the crime. He has been convicted, in effect, by these alleged confessions in which he disclaimed his complicity in these criminal acts. Skepticism concerning their veracity cannot take the place of. incriminating evidence against him. Suspicion is not equivalent to legal proof,
In order to render appellant an accomplice of Herrmann it was necessary for the People to prove that they went there by concerted action to rob the store, as the trial court charged the jury. A common purpose need not be spelled out in such instances by evidence of what accomplices say to each other in planning to commit the crime, but may be inferred from circumstances. Nevertheless here, apart from appellant’s extrajudicial statements, and Herrmann’s hearsay declarations, the circumstances are equivocal. They implicate nobody, as the police recognized by taking no steps against anyone until Herrmann confessed.
*824 The mere presence of appellant in or outside of the grocery store, however suspicious that may have been in view of his having arrived there in company with Herrmann, is not enough on which to convict him of first degree murder. The only portion of his admissions which could be relied on as tending to establish a preconcerted plan to commit the crime together is that in which he stated that he got on the train with Herrmann at 138th Street, and then was questioned:
“ Q. Did Thomas Herrmann have a gun with him? A. Yes. # # #
“ Q. You say Thomas Herrmann had a gun on him when you met him that day? A. Yes.”
From these answers, the People argued that when these two boarded the train appellant knew that Herrmann had a gun with him, and, hence, knew that robbery was the purpose of the trip. But the point was not whether Herrmann was carrying a revolver when he met appellant and got on the train, as the sequel disclosed that he did, but whether appellant knew that he was carrying a revolver when he started out with him that afternoon. In this interrogation of appellant, the Assistant District Attorney avoided asking him whether he knew then that Herrmann had a gun on him. At the time when appellant was questioned, it had become obvious that Herrmann did have a gun on him when they boarded the elevated train. The two were together from then on until Herrmann entered Cohen’s grocery store. Appellant knew that Herrmann had not acquired a gun in the meantime; he knew that Herrmann must have had the gun on him when he entered the store inasmuch as after he entered he shot Cohen with it. All of this came to light after the event. Everybody knew by then that Herrmann had carried a revolver, and, having been with him during the intervening time, appellant knew that he must have had it on his person when they met if he had not seen him get it anywhere else. However suspicious these circumstances may be, the burden remains on the People to prove appellant guilty. It is not incumbent upon him to demonstrate his innocence. If, in questioning this ill-educated youth, the Assistant District Attorney had meant to inquire whether he knew, when the train left 138th Street, that Herrmann was carrying a gun, he should have asked him so directly. If there is ambiguity in the question and the *825 answer, it must be resolved in favor of the defendant. That much is required by the reasonable doubt rule.
For the reasons stated, the judgment of conviction should be reversed and the indictment dismissed.
Judgment affirmed.