■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR BEYER, Also Known as ANTHONY JAY SCOTT, Appellant.— Judgment of the County Court, Nassau County, rendered December 15, 1967, affirmed. In our opinion, the testimony of the Assistant District Attorney who interrogated defendant at the station house after his arrest, presenting the full account of his conversation with defendant, was properly received in evidence and is not analogous to those cases in which a prosecutor in summation makes himself an unsworn witness for the People and places his own veracity and position in the balance against the defendants (cf. *People* v. *Lovello,* 1 N Y 2d 436; *People* v. *Tassiello,* 300 N. Y. 425). We have examined the other contentions made by defendant and find them to be without merit. Beldock, P. J., Christ, Hopkins and Munder, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum: Defendant was convicted of rape in the first degree, sodomy in the first degree, and two counts of assault in the second degree. These crimes were alleged to have been committed betwen 6:10 P.M. and 6:30 P.M. on the evening of April 26, 1967, when defendant supposedly accosted the victim in a church in Merrick, Long Island. Defendant attempted to prove that it was physically impossible for him to have been in the church at the time in question because he was at an animal home between 6:00 P.M. and 6:15 P.M. and could not have traveled the four miles to the church, committed the crimes and fled, all within a time period of approximately 15 minutes. At least three disinterested witnesses testified that they had observed defendant at the animal home between 6:00 P.M. and 6:10 P.M. In my opinion, however, the impact of this testimony on the jury was significantly lessened when an Assistant District Attorney, who had interrogated defendant at the stationhouse after he had been placed under arrest, testified at the trial to the following conversation with him regarding the events of the night in question: "He then insisted that he couldn't remember anything of the details of what he had done inside the building [he was able to recall being inside a large dark building, but could not remember whether or not it was a church], and I specifically asked him if he had any contact with anybody, if he remembered seeing anybody. He said he couldn't remember. And I told him I frankly didn't believe that he could not remember, that the police didn't believe it and I didn't think that anybody else was going to believe the fact that he could remember driving to the Bide-A-Wee Home and going there for some reason, remembered driving his car westbound on Sunrise Highway, but when we came to the point that we were all interested in — this particular rape — that he couldn't remember anything that happened in connection with that. And, the defendant said to me, ' Well, you know I have a mental history.' " The witness then informed defendant that he was aware of this fact, but that he still did not believe his

story that he was unable to remember. Before the Assistant District Attorney took the stand, defense counsel pointed out to the trial court that that witness, as part of his recollection of the stationhouse conversation, would testify that he had informed defendant of his disbelief of defendant's story and that counsel was objecting to the admission into evidence of this part of the conversation. Nevertheless, the trial court admitted the entire conversation. In my opinion, this was erroneous. Moreover, the trial court compounded its error when it reiterated this testimony in marshaling the evidence in its charge, because in having the witness so testify the prosecution was in effect using the veracity and position of the District Attorney's office to bolster its expressed disbelief of the truthfulness of defendant's story, a practice which has been widely condemned by the courts (see *Berger* v. *United States,* 295 U. S. 78, 88; *People* v. *Lovello,* 1 N Y 2d 436; *People* v. *Tassiello,* 300 N. Y. 425, 430). Moreover, it is quite likely that such testimony, by putting defendant's character in issue, prejudiced the jury against him in its deliberations and deprived him of a fair trial (cf. *People* v. *Infantino,* 224 App. Div. 193). Finally, the trial court, upon defendant's objection, should have excluded the prejudicial portions of the Assistant District Attorney's testimony; and this would not have destroyed its sense or continuity (cf. *People* v. *Loomis,* 178 N. Y. 400; *People* v. *McHugh,* 20 A D 2d 770). In the interest of justice, the judgment of conviction should be reversed and a new trial ordered.