THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES J. MITCHELL, Appellant.

Third Department, November 30, 1972.

118

[redacted]

*Donald J. Shanley* for appellant.

*Con G. Cholakis, District Attorney,* for respondent.

SIMONS, J. This is an appeal from a judgment of the County Court entered upon a jury verdict in Rensselaer County, convicting the defendant of the crime of bribery in violation of section 200.00 of the Penal Law.

Appellant worked for a company holding the garbage disposal contract for the City of Troy. During March or April, 1969 he telephoned Lawrence Meyer, the Mayor and a Councilman of the City of Troy, and asked to meet with him. The two met in, Meyer's car and appellant offered Meyer $500 a month to use his influence with the other city councilmen to have them vote to keep the garbage contract with appellant's company and to help secure council approval of the Troy Airport as a landfill site for the company. At the time, the contract was under a one-year termination notice and the contractor needed a landfill to avoid the loss of the business. Unbeknown to appellant, Meyer had a tape recorder placed under the seat of his car and operating during the conversation. The appellant was indicted and convicted of bribery,

The appellant's conviction rested on evidence given by Meyer and the tape recording of the bribe offer. The tape recording was of crucial importance in the case. It was generally admissible in evidence. (*People* v. *Gibson,* 23 N Y 2d 618; see, also, *Lopez* v. *United States,* 373 U. S. 427; *Hurst* v. *United States,* 370 F. 2d 161, cert. den. 387 U. S. 910.) However, appellant raises several legal questions concerning its use.

The complete tape recording was played to the jury over the objection of appellant without eliding certain portions claimed to be prejudicial. The bulk of the conversation relates to circumstances surrounding the award and cancellation of the garbage contract, a review of appellant's efforts to convince other councilmen and political leaders to approve the use of the airport site as a landfill area, and political gossip generally. Specific objections are raised because the trial court refused to redact the obscenities used by appellant in the conversation, several

references to Joseph Casey, a local political leader widely attacked in the newspapers and under indictment for related crimes, a reference to an apparent unsuccessful prior bribery attempt of Meyer by appellant, the gossip about corruption in local government, and the conversation about the proceedings before the State Investigation Commission concerning the garbage contract.

The references to political wrongdoings extraneous to the bribery, do not relate to appellant. He was not connected with them in the taped conversation and he denied knowledge of or implication in the events, so that his testimony was exculpatory. The tape does, however, connect appellant directly with filing fraudulent tax returns, the prior bribery attempt and it also contains his statements that he had not admitted anything to the State Investigation Commission. He objects to those portions and to the evidence about the SIC because he claims his taped statements allowed the jury to infer he perjured himself before the commission.

It is the general rule that the prosecution may not show evidence of prior crimes by the defendant for the purpose of showing a predisposition towards crime. (*People* v. *Loomis*, 178 N. Y. 400; *People* v. *Molineux*, 168 N. Y. 264, 293.) That is not to say that the evidence of prior crimes is never admissible. Recognized exceptions hold that prior crimes may be shown to establish knowledge, motive, intent, the absence of mistake, a common scheme or plan, or the identity of the defendant. (*People* v. *Molineux*, *supra*; *People* v. *Ryan*, 12 A D 2d 841; Ann. 20 ALR 2d 1012.) It has also been held that when a conversation is so inextricably interwoven with the charges of the indictment and evidence of prior crimes, the whole may be admitted into evidence. (*People* v. *Loomis, supra*; *People* v. *Sorrell*, 24 A D 2d 783.) The limited use of background evidence has also been allowed. (*People* v. *Duffy*, 212 N. Y. 57, 66; *People* v. *Gleason*, 285 App. Div. 278, 281; cf. *People* v. *Atkins*, 7 A D 2d 393.)

The trial court was entitled to some latitude in determining what was admissible and what was unnecessarily prejudicial and immaterial to the indictment, particularly in view of the fact that the evidence was not a recapitulation of criminal events, but a record of a crime in process. The court properly determined that the conversations on the tape were interwoven and that the tape was admissible without redaction. The conversation dealing with the history of the garbage contract, the efforts of the appellant to get the support of other councilmen,

officials and political leaders were all matters directly related to the total picture and were admissible under any reasonable construction of the evidence. Much of appellant's conversation was sales talk to try and convince Meyer that it was '' safe '' to go along with the proposal, that the other councilmen had and that the proposition could be justified to the public.

The references to the prior crimes of filing fraudulent tax returns and the prior bribe attempt were directly connected to this offense. The tax information was volunteered by appellant to explain the source of the money to be used for the bribe payments. The isolated reference to the prior bribe was part of an answer by Meyer in which he refused to accept any bribes or favors and added '' I told you that once before.'' Nothing on the tape contradicts appellant's testimony before the SIC or indicates that he perjured himself during that testimony.

Unfortunately, the conversation was laced with obscenities and phrased in the argot peculiar to enterprises of this type but, as was the case with the subject matter objected to by appellant, the language is an integral part of statements in which appellant refers to or re-offers the bribe or discusses matters necessarily incidental to the bribe.

The evidence of the tape constituted a single item or exhibit evidencing a crime in progress. The People did not attempt to buttress the proof with additional evidence of other criminal acts by appellant. Furthermore, no issue concerning the identity of the participants in the conversation or the accuracy of its reproduction is argued on appeal. The court properly admonished the jury not to consider the irrelevant material or the obscenities on the tape and that the sole issue was appellant's guilt or innocence of the acts charged in the indictment. The appellant's guilt was established by clear evidence and even if some portions of the tape were not admissible under strict evidentiary rules and could have been removed without damage, any error in this respect was harmless beyond a reasonable doubt.

It is also argued that the tape should be suppressed because the defendant was not given a properly specific advance notice of the intended use of the tape as an admission governed by CPL 710.30. Nothing in the record suggests that taped conversation was an involuntary statement to a public servant engaged in law enforcement requiring advance notice. (CPL 710.20, 60.45; *People* v. *Mirenda,* 23 N Y 2d 439.)

The appellant objects that the District Attorney did not play the tape recording to the Grand Jury. There was no obligation

on his part to do so. His duty was to present enough evidence to support an indictment of this defendant, not to supply all the evidence at his disposal for consideration by the Grand Jury. (CPL 190.65.) It is argued that the District Attorney was obliged not to withhold evidence which would exculpate a prospective defendant or which would reflect upon the credibility of those testifying before the Grand Jury. Appellant cites *Giles* v. *Maryland* (386 U. S. 66); *Brady* v. *Maryland* (373 U. S. 83); *Napue* v. *Illinois* (360 U. S. 264) and *People* v. *Savvides* (1 N Y 2d 554) in support of his theory. Those cases deal with trial evidence, not Grand Jury proceedings. In any event, this tape neither exculpated appellant nor cast doubt on Meyer's credibility. It was cumulative evidence and nothing required its production before the Grand Jury.

The trial court's refusal to admit a written transcript of the tape in evidence and supply copies to the jury was within its discretion. (Cf. *People* v. *Roper,* 17 N Y 2d 711; cf. *People* v. *Feld,* 305 N. Y. 322.) The tape was the best evidence of the conversation and no claim is made that it was not clear or intelligible. The defendant and his attorney had previously heard the complete tape in the privacy of the Judge's chambers and had received typewritten transcripts of the conversation for use while the tape was played for the jury and also for use upon cross-examination of Meyer. (See *People* v. *Columbo,* 24 A D 2d 505.)

Appellant raises several other arguments which require comment. He contends that his indictment and conviction were based upon "tainted" evidence. The garbage contract was originally investigated during hearings of the State Investigation Commission in New York City and Troy. After the hearings, the commission referred its information to the Rensselaer County District Attorney. Thus, it is claimed, the genesis of the indictment was a proceeding before the commission conducted under rules that denied appellant procedural due process under the Sixth and Fourteenth Amendments of the United States Constitution. (See *Jenkins* v. *McKeithen,* 395 U. S. 411.)

The statutory authority creating the commission grants it investigative powers only. It has no power to make findings determining guilt or innocence and is limited to referring the results of its investigations to appropriate legislative or executive officials for further action. (L. 1958, ch. 989, § 2.) The procedures governing the commission are set forth in section 73 of the Civil Rights Law and meet the constitutional require-

ments of due process for investigative agencies. (*Hannah* v. *Larche,* 363 U. S. 420.)

Contrary to appellant's claim, the acts charged constitute bribery under the statute. The crime would be complete even if it were found that the benefit was conferred or offered solely in exchange for the use of a public official's efforts to influence the judgment or action of other public officers. (*People* v. *Chapman,* 13 N Y 2d 97; *People* v. *Lafaro,* 250 N. Y. 336, 342.)

The indictment charged that appellant offered the Mayor $500, whereas the proof during trial was that the offer was $500 per month. Appellant argues that this was a material variance. The crime charged was bribery; the amount of money offered does not alter the nature of the crime and is not determinative. (*People* v. *Jerome,* 282 App. Div. 758, affd. 306 N. Y. 777, cert. den. 347 U. S. 1021.) The indictment could have been amended to conform to the proof. (CPL 200.70.) The failure to do so did not prejudice appellant and is harmless. (*People* v. *Coombs,* 36 App. Div. 284, 298, affd. 158 N. Y. 532.)

We have considered the several other arguments advanced by appellant and find them without merit.

The judgment should be affirmed.

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment affirmed.