In the Matter of EDWARD C. MCARDLE et al., Respondents, v. PAUL J. CURRAN et al., Constituting the Temporary Commission of Investigation of the State of New York, Appellants.

Third Department, June 28, 1973.

*Joseph Fisch* for appellants.

*Kohn, Bookstein & Karp (Richard A. Kohn* of counsel), for Edward C. McArdle and another, respondents.

*Schrade, Morris & Roche (Jed B. Wolkenbreit* of counsel), for James J. Candlen, Jr., and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Grace K. Banoff* and *Ruth Kessler Toch* of counsel), in his statutory capacity under section 71 of the Executive Law.

*Per Curiam.* This is an appeal from a judgment of the Supreme Court at Special Term, entered June 18, 1973 in Albany County which granted a writ of prohibition restraining the Temporary Commission of Investigation of the State of New York from holding further hearings or proceedings on the ground of unconstitutionality.

The question of whether the Temporary Commission of Investigation of the State of New York was created for " special purposes " within the requirement of the Constitution (art. V, § 3) has been decided in the affirmative (*Matter of Cronin* v. *Temporary N. Y. State Comm. of Investigation,* 19 A D 2d 689, affd. 13 N Y 2d 941).

On this appeal an issue is presented as to whether or not said commission is a temporary body. The commission has been in existence for 15 years and is authorized to continue until mid-1975, which period it is contended is long enough to raise concern as to its temporary character. Every amendment to the statute extending the life of the commission has contained a specific termination date, and there has been no showing of any intent by the Legislature to make the commission a permanent department or to continue its existence beyond the particular respective dates of termination. That the commission is of a temporary nature is best demonstrated by the fact of its limited duration in time. It can be allowed to die in 1975 if the Legislature so decrees. This is particularly so where the fact that the

renewal or extension of the commission depends upon succeeding legislators and not upon the role of any one group of legislators at any given time.

Furthermore, a legislative enactment carries with it an exceedingly strong presumption of constitutionality (*I. L. F. Y. Co.* v. *Temporary State Housing Rent Comm.,* 10 N Y 2d 263, 269; *Lincoln Bldg. Assoc.* v. *Barr,* 1 N Y 2d 413, 415), and, while this presumption is rebuttable, petitioners' heavy burden must be fulfilled by demonstrating unconstitutionality beyond a reasonable doubt and it is only as a last resort that courts will strike down a legislative enactment on this ground (*Wiggins* v. *Town of Somers,* 4 N Y 2d 215, 218–219).

It cannot be said that the presumption of constitutionality has been overcome or that unconstitutionality has been demonstrated beyond a reasonable doubt.

The judgment should be reversed, on the law, and the petition dismissed, without costs.

HERLIHY, P. J., STALEY, JR., COOKE, SWEENEY and KANE, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.