■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JACKSON, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County, rendered April 23, 1974, convicting him of rape in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered as to the first and third counts of the indictment. Defendant was charged with

raping and assaulting the complainant on September 23, 1973. At the trial the complainant testified as to the attack on her by appellant. The prosecutor, over vigorous defense objection, also presented another female witness who testified, in effect, that on March 28, 1973 defendant attempted to rape her. She described the circumstances of that incident, which were similar to the rape and assault of the complainant. The prosecutor and the trial court were fully aware, of course, of the rule enunciated in *People v Molineux* (168 NY 264, 293): " 'It is the general rule that a distinct crime unconnected with that laid in the indictment cannot be given in evidence against a prisoner. It is not proper to raise a presumption of guilt on the ground that having committed one crime, the depravity it exhibits makes it likely he would commit another. * * * It, therefore, predisposes the mind of the juror to believe the prisoner guilty.' " However, the prosecutor successfully argued at the trial that the testimony of the other female witness was admissible under the identity exception of *Molineux,* viz. (p 293): "Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish * * * the identity of the person charged with the commission of the crime on trial." While the March 28 attack was similar in many respects to the September 23 attack, the similarity was not enough and the *modus operandi* was not so unique as to justify application of the identity exception, with the concomitant admission of highly prejudicial evidence at appellant's trial *(People v Molineux,* 168 NY 264, *supra;* cf. *People v Condon,* 26 NY2d 139 [use of the same gun at the charged robbery and the uncharged robbery]). At the trial, Detective Chickering testified as to a statement taken from appellant. He then added the following: "I asked him, once again, about his activities and he replied by indicating to me that he had been involved in a similar situation and he followed by saying that he beat it. Q Did he use those words? A Yes, he did. Q Did he say anything else to you? A Yes. During this phase of the conversation, he also told me that it would be his word against hers and that people would believe him." The admission of this testimony was improper and prejudicial *(People v Loomis,* 178 NY 400), particularly in light of the testimony of the other female witness. The jury could readily conclude that the earlier crime defendant had "beat" was the attack on that other witness. This inflammatory testimony virtually challenged the jury to determine whether it should permit defendant to also "beat" his latest (alleged) rape attempt. We find no basis for reversal in appellant's other contentions. We note that although considerable prostatic fluid was found in the complainant's vagina after the attack, no sperm was found therein. The extensive medical evidence created issues of fact for the jury and the evidence was sufficient to warrant its verdict. However, the medical evidence presented by the defense in support of its contention that appellant (who was a sperm-producing male) was not and could not have been the person who attacked the complainant highlights the prejudicial effect of the improperly-admitted testimony of Detective Chickering and the other, female witness. Latham, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.