The LIBERAL PARTY OF the STATE OF NEW YORK, by its Chairman Donald S. HARRINGTON and its Secretary James F. Notaro, Donald S. Harrington, James F. Notaro, Eunice Pezenik, Steven Pezenik, Seymour Kaye, Josephine Gambino, and Arthur Strauss on their own behalf and on behalf of all other members of the Liberal Party, Plaintiffs,

v.

The COMMISSION OF INVESTIGATION OF the STATE OF NEW YORK, by its Chairman, by David G. TRAGER, Defendants.

No. 83 Civ. 3259.

United States District Court, E.D. New York.

Jan. 26, 1984.

John C. Klotz, New York City, for plaintiffs.

N.Y. State Com'n of Investigation, Thomas F. Staffa, Richard C. Daddario, of counsel, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiffs, The Liberal Party of the State of New York and certain of its individual members (collectively the "Party"), seek to permanently enjoin investigations by the Commission of Investigation of the State of New York (the "SIC") into allegations that individual members of the Party were threatened with the loss of their New York State employment unless they agreed to support issues voted upon at Party meetings. The complaint, filed under 42 U.S.C. § 1983, alleges that the SIC's investigations constitute impermissible governmental interference with the affairs of a political party in violation of the First, Fourth, Fifth and Fourteenth Amendments. In addition, the complaint seeks declaratory relief pursuant to 28 U.S.C. § 2201 and attorney's fees pursuant to 42 U.S.C. § 1988.

After oral argument held on August 2, 1983, this Court dissolved a temporary restraining order previously issued by my brother, The Honorable I. Leo Glasser, and denied plaintiffs' motions for a preliminary injunction and a stay pending appeal. On August 10, 1983, the Second Circuit also denied plaintiffs' motion for a stay. Affidavit of Thomas F. Staffa, at ¶ 3 (August 12, 1983). The SIC now moves for summary judgment pursuant to Fed.R.Civ.P. 56.

## DISCUSSION

I note at the outset that the arguments now made by both parties are substantially the same as those made on plaintiffs' earlier motion for a preliminary injunction. In fact, plaintiffs' opposing papers include copies of affidavits previously submitted in support of their motion for a preliminary injunction. Affidavit of John C. Klotz, at ¶ 2 (September 12, 1983).

■ Notwithstanding plaintiffs' allegations that the SIC's investigation is a sham to emasculate a minority political party, the case is ripe for summary judgment. Plaintiffs would have the Court permanently enjoin the SIC's entire investigation, root and tendril. Such a remedy, if granted, would foreclose investigations by the State of New York into alleged violations of the New York Penal Law. *See* N.Y. Penal Law § 135.60 (Coercion in the Second Degree).

■ States, as a matter of law, have a compelling interest in enforcing provisions of their criminal laws. Moreover, nothing in the First Amendment precludes investigation of possible criminal conduct merely because that conduct may have been committed by the officers of a political party. The Court must also consider the First Amendment rights of those party members whose votes may have been coerced.

■ In this case, the SIC may compel testimony only upon subpoena. The rights of subpoenaed witnesses are provided under Section 73 of the New York Civil Rights Law (the Code of Fair Procedure for Investigating Agencies), the Commission's enabling statute, McKinney's Unconsolidated Law § 7501 *et seq.*, and under Section 2304 of the New York Civil Procedures Law and Rules (relating to motions to quash and modify subpoenas). These State laws provide witnesses appearing before the Commission with the substantive and procedural rights required by the New York State and United States Constitutions.

In that regard, I note that on August 11 and 12, 1983, those four individual plaintiffs who had received subpoenas appeared and gave testimony at a private hearing before the SIC. Upon the advice of counsel, they refused to answer many of the questions put to them on the grounds of an alleged First Amendment privilege. The SIC is now considering whether to move in New York State Supreme Court under New York Civil Practice Law and Rules to compel the witnesses to answer the questions objected to. Affidavit of Thomas F. Staffa, at ¶ 5 (August 12, 1983).

That procedure accomodates the interests of both parties by providing the subpoenaed witnesses with all the due process rights required by the Constitution and by providing the SIC with an opportunity to

investigate allegations of criminal conduct which a blanket injunction would otherwise deny.

Accordingly, summary judgment dismissing the complaint in its entirety will be entered on behalf of defendants. Settle Order not later than February 17, 1984.

SO ORDERED.