OPINION OF THE COURT
Michael F. Mullen, J.
As the caption suggests, the petitioners, the Honorable Patrick Henry, who is the District Attorney of Suffolk County (hereinafter referred to as Henry), and Raymond G. Perini, who is one of his assistants and who is in charge of the Narcotics Bureau (hereinafter referred to as Perini), have brought on a proceeding seeking multifaceted relief. They allege that the respondent, New York State Commission of Investigation (hereinafter referred to as the S.I.C.), through its chairman, the Honorable David G. Trager (hereinafter referred to as Trager), and its individual commissioners, in the course of their two-year probe of the Suffolk County Police Department and District Attorney’s office, have committed specific acts and engaged in a course of conduct which, inter alia, have exceeded the S.I.C.’s jurisdiction, impinged upon the jurisdiction of the District Attorney, and violated the constitutional and statutory rights of Perini and others. For the most part, the petitioners seek declaratory and injunctive relief, but they also ask the court to review the report being prepared by respondents prior to its release. Briefly, they seek a judgment pursuant to CPLR article 30 declaring:
*853 (1) sections 7501 through 7507 of McKinney’s Unconsolidated Laws of NY unconstitutional on their face as applied to public officials;
(2) sections 7501 through 7507 unconstitutional as applied to petitioners;
(3) the S.I.C. violated the petitioners’ due process rights as public officials under CPL 190.50;
(4) the S.I.C. acted in excess of its statutory authority by intervening in specific criminal actions;
(5) the S.I.C. acted in excess of its statutory authority by unlawfully intervening in the appointment of a Special District Attorney;
(6) the S.I.C. violated sections 7502 (4) and 7502 (7) of McKinney’s Unconsolidated Laws of NY by refusing to assist in a criminal investigation being conducted by a duly appointed Special District Attorney;
(7) the S.I.C. violated section 7502 (7) by not turning over evidence of criminal acts or official misconduct to the appropriate agency;
(8) the S.I.C. initiated a quasi-criminal investigation after having fulfilled its limited advisory role under section 7502 (7);
(9) the S.I.C. violated section 7507 by purporting to grant immunity without notice to the Suffolk County District Attorney;
(10) the S.I.C. acted in excess of its statutory authority by attempting to grant testimonial immunity;
(11) the S.I.C. acted in excess of its statutory authority by violating section 52 of the Civil Rights Law;
(12) the S.I.C. exceeded its own enabling resolution by violating section 73 of the Civil Rights Law and section 7502 (1) (a) and (b) of McKinney’s Unconsolidated Laws of NY in the course of its investigation;
(13) the S.I.C. violated petitioners’ Federal and State due process rights by denying them a fair hearing;
(14) the S.I.C. violated petitioners’ right to counsel; and
(15) the individual respondents violated one or more provisions of the Code of Professional Responsibility.
The petitioners not only request that the alleged conduct be declared unconstitutional or illegal, or improper, but they seek to enjoin such conduct in the future. In addition, they seek a judgment pursuant to CPLR article 78, in the nature of prohibition, prohibiting and restraining respondents from:
*854 (1) taking any further actions against petitioners pursuant to sections 7501 et seq. of McKinney’s Unconsolidated Laws of NY;
(2) granting immunity to any present or former public officer for testimony regarding their conduct in office; and
(3) making any public comments or statements as to petitioners.
Finally, petitioners seek a judgment, in the nature of certiorari, permitting judicial review of the S.I.C.’s written report as it pertains to the petitioners.
This entire proceeding was brought on by order to show cause signed by Mr. Justice Cannavo on March 10, 1988. On the return date, this court heard oral argument and then gave both sides additional time to submit memoranda of law and additional exhibits. Following review of same, and because of the number and seriousness of issues raised, the court again permitted oral argument. The cooperation of all the attorneys is hereby acknowledged.
It should be noted at the outset that this matter is still in its preliminary stages. Issue has not yet been joined. The respondents have not served and filed an answer. There are some issues raised which must await a full hearing and/or trial. Despite this, there are legal questions which can and should be resolved now. The respondents have cross-moved to dismiss the proceeding, and for purposes of deciding that motion, all the allegations of the petition are taken as admitted (see, Jenkins v McKeithen, 395 US 411, 421; see also, Grand Realty Co. v City of White Plains, 125 AD2d 639).
Before looking at the various requests for relief, there are one or more preliminary issues which must be resolved. First, there is the issue of standing. The respondents contend the petitioners lack standing. The court disagrees. In arriving at its conclusion, the court is reminded of a passage from Judge Weinfeld’s opinion in Application of United Elec., Radio & Mach. Workers (111 F Supp 858, 861): "What greater interest can an individual have than to protect his name and defend himself against accusation of crime?”
True, in the United Elec, case (supra), the petitioners, a labor union and various labor leaders, were seeking to prevent publication of a "presentment” issued by a Federal Grand Jury, while here we are dealing with a report prepared by a commission. But the fact is the respondents have virtually "accused” petitioner Perini of certain crimes and have made *855 those "accusations” in written press releases, which have been distributed to, and published by, the press. For example, in a press release issued on January 13, 1988, the respondent Trager charged, in part, as follows: "These crimes [illegal wiretapping] were carried out with the knowledge, approval and encouragement of the Supervising Sergeant of the Interdiction Unit of the Police Department and, most likely, the Bureau Chief [Perini] of the Narcotics Bureau of the Suffolk County District Attorney’s Office” (emphasis added).
The respondents contend they are not a Grand Jury, and that they are an investigatory, rather than an accusatory, body. Such a distinction is, in this court’s view, lost on the general public. In Matter of Wood v Hughes (9 NY2d 144, 154) the Court of Appeals observed as follows: "In the public mind, accusation by report is indistinguishable from accusation by indictment and subjects those against whom it is directed to the same public condemnation and opprobrium as if they had been indicted.” In short, in the "public mind” the petitioners have been "accused of wrongdoing and/or criminal conduct by a State commission. They, obviously, have an interest in protecting their names. (See, Matter of District Attorney of Suffolk County, 58 NY2d 436, 442-443.)
Second, an application has been made for permission to intervene on behalf of an individual named John Gallagher (CPLR 1013). The application is denied. It appears that Gallagher has been named in an indictment returned in February 1988 in Supreme Court, Suffolk County (No. 139/88), and that matter is being prosecuted by a Special District Attorney, Stephen Scaring, Esq., appointed by the Honorable Thomas M. Stark, Supervising Judge of the Superior Criminal Courts in Suffolk County. It further appears that the Gallagher case is presently before the Honorable Kenneth Rohl and that an application has been made there to dismiss the indictment for the very same reasons urged in support of intervention here, e.g., that the S.I.C. wrongfully interfered in the judiciary’s role in the appointment of a Special District Attorney (County Law § 701), that Scaring’s appointment was a nullity, and that therefore the indictment must be dismissed. Under the circumstances, intervention is unwarranted. It will not only complicate this proceeding, but possibly prejudice the rights of the parties in the case before Judge Rohl. The arguments raised in support of intervention here will be adequately addressed there.
Finally, the petitioner Perini has made a motion, *856 brought on by order to show cause, for extensive pretrial discovery and inspection of documents (CPLR 3102). The motion is denied. First, it is apparent to the court that Perini and/or the District Attorney’s office already have in their possession minutes and records of virtually everything the 5.1. C. has done in connection with its Suffolk investigation. Second, insofar as the demand is for all information "exculpatory to petitioners or adversely affecting the credibility of any of the witnesses publicly presented or privately heard by the 5.1. C.”, such information, while most likely discoverable in a criminal proceeding as Rosario or Brady materials, is not discoverable at this stage of this civil proceeding (see, CPLR 3102 [c]). It is apparent Perini seeks the material here to help frame the allegations of his petition.
The S.I.C., in its present form, was created by the Legislature in 1958 (L 1958, ch 989, § 1). The constitutionality of that act has been sustained (Matter of Commission of Investigation v Lombardozzi, 7 AD2d 48, affd 5 NY2d 1026). The functions, powers and duties of the S.I.C. are found in section 7502 of McKinney’s Unconsolidated Laws of NY. A reading of that section, and the cases which have interpreted it over the years, reveals the intent by the Legislature to create a temporary, investigatory commission (McKinney’s Uncons Laws of NY § 7501 [1]; see, Matter of McArdle v Curran, 42 AD2d 85, affd 33 NY2d 810). For instance, section 7502 (7) states as follows: "Whenever it shall appear to the commission that there is cause for the prosecution for a crime, or for the removal of a public officer for misconduct, the commissioner shall refer the evidence of such crime or misconduct to the officials authorized to conduct the prosecution or to remove the public officer” (emphasis added). In People v Mitchell (40 AD2d 117, 121-122), then Justice Simons, sitting in the Third Department, wrote as follows: "The statutory authority creating the commission grants it investigative powers only. It has no power to make findings determining guilt or innocence and is limited to referring the results of its investigations to appropriate legislative or executive officials for further action. (L. 1958, ch. 989, § 2.) The procedures governing the commission are set forth in section 73 of the Civil Rights Law and meet the constitutional requirements of due process for investigative agencies. (Hannah v. Larche, 363 U. S. 420.)”
The Hannah v Larche case (363 US 420, supra), cited in People v Mitchell (supra), is the key to the disposition of this entire proceeding. In Hannah, the United States Supreme *857 Court was required to pass upon the validity of certain procedural rules adopted by the Commission on Civil Rights, which was established by Congress in 1957. It was alleged, inter alia, that the Commission’s rules governing the conduct of its investigations were unconstitutional. In resolving that issue, the court first had to examine the legislation creating the Commission to determine whether the Commission was authorized by the Congress to adopt the rules (procedures) which were under review. This, in turn, required the court to ascertain the nature and function of the Commission. A review of the act showed the Commission’s duties consisted of (1) investigating written, sworn allegations that anyone had been discriminatorily deprived of his right to vote; (2) studying and collecting information " ’concerning legal developments constituting a denial of equal protection under the Constitution’ ” (supra, at 440); and (3) reporting to the President and Congress on its activities, findings, and recommendations. The court then states as follows (supra, at 440-441): "As is apparent from this brief sketch of the statutory duties imposed upon the Commission, its function is purely investigative and fact-finding. It does not adjudicate. It does not hold trials or determine anyone’s civil or criminal liability. It does not issue orders. Nor does it indict, punish, or impose any legal sanctions. It does not make determinations depriving anyone of his life, liberty, or property. In short, the Commission does not and cannot take any affirmative action which will affect an individual’s legal rights. The only purpose of its existence is to find facts which may subsequently be used as the basis for legislative or executive action.”
The same is true of the S.I.C. Its function, powers and duties, as set forth in section 7502 of McKinney’s Unconsolidated Laws of NY, include the following:
"1. The commission shall have the duty and power to conduct investigations in connection with:
"(a) The faithful execution and effective enforcement of the laws of the state * * *
"(b) The conduct of public officers and public employees * * *
"(c) Any matter concerning the public peace, public safety and public justice.
"2. At the direction of the governor the commission shall conduct investigations and otherwise assist the governor in connection with:
*858 "(a) The removal of public officers by the governor * * *
"7. Whenever it shall appear to the commission that there is cause for the prosecution for a crime, or for the removal of a public officer for misconduct, the commission shall refer the evidence of such crime or misconduct to the officials authorized to conduct the prosecution or to remove the public officer. * * *
"9. The commission shall make an annual report to the governor and legislature which shall include its recommendations. * * *
"10. By such means and to such extent as it shall deem appropriate, the commission shall keep the public informed as to the operations of organized crime and problems of law enforcement in the state.” (Emphasis added.)
Clearly, the S.I.C.’s function is investigative and fact finding. It does not adjudicate. It cannot indict. It is not a Grand Jury. (See, Matter of Di Brizzi [Proskauer], 303 NY 206, 216.) True (and this was recognized in Hannah v Larche, supra, at 443), those being investigated by the S.I.C. may be subjected to "public opprobrium and scorn”, and "the possibility of criminal prosecutions”, but even if such collateral consequences are to flow from the S.I.C. investigations, "they would not be the result of any affirmative determinations made by the Commission, and they would not affect the legitimacy of the Commission’s investigative function”. Furthermore, the investigation here, i.e., into alleged unlawful practices and misconduct by members of the Suffolk County Police Department and District Attorney’s office, was squarely within its legislative mandate (see, McKinney’s Uncons Laws of NY § 7502 [1] [a], [b], M).
In view of this court’s conclusion that the S.I.C.’s role is purely investigative, and that it cannot adjudicate or prosecute, so much of the petition as seeks relief in the nature of prohibition must be denied. As the Court of Appeals stated in Matter of Schumer v Holtzman (60 NY2d 46, 51): "Prohibition may be maintained solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding * * * in excess of its jurisdiction * * * and then only when the clear legal right to relief appears and, in the court’s discretion, the remedy is warranted”. (See, Matter of Lee v County Ct., 27 NY2d 432, 436-437; see also, Matter of McGinley v Hynes, 51 NY2d 116, cert denied 450 US 918.)
The same is true with regard to that portion of petition *859 ers’ request for relief in the nature of certiorari. Since the S.I.C. is not a judicial or quasi-judicial body, and its role is purely investigatory, there is no basis for judicial review of the S.I.C.’s report (cf., Matter of McGinley v Hynes, supra). The petitioners’ request for certiorari can be granted only if the court accepts their argument that the S.I.C. usurped the jurisdiction of a Grand Jury, but that is impossible. There is nothing in the legislation creating the S.I.C. which even hints of an intent to vest it with authority to indict. The report being prepared by the S.I.C. does not come within the purview of CPL 190.85.
But there are still several requests for declaratory relief. Briefly, they are disposed of as follows:
The petitioners seek a judgment declaring sections 7501 through 7507 of McKinney’s Unconsolidated Laws of NY unconstitutional (as applied to public officials and as applied to them), and a judgment declaring that respondents violated their rights of due process. The requests are denied. First, there is the strong presumption of constitutionality which accompanies every duly enacted law (see, Matter of McArdle v Curran, 42 AD2d 85, affd 33 NY2d 810). The constitutionality of the act creating the S.I.C. has been specifically upheld by our Court of Appeals (see, Matter of Commission of Investigation v Lombardozzi, supra). Second, the procedures governing the S.I.C. have also passed constitutional muster. In People v Mitchell (supra, at 121-122) the Third Department concluded as follows: "The procedures governing the commission [S.I.C.] are set forth in section 73 of the Civil Rights Law and meet the constitutional requirements of due process for investigative agencies. (Hannah v. Larche, 363 U. S. 420.)” (See also, Liberal Party v Commission of Investigation, 579 F Supp 755, 756.)
Again, the basis for the petitioners’ "constitutional” arguments is their claim that the S.I.C. usurped the role of the Grand Jury — a claim this court has rejected. One aspect of this same argument was also addressed by the Court of Appeals in Matter of Di Brizzi (303 NY 206, 216, supra), a case dealing with the S.I.C.’s predecessor, the New York State Crime Commission, where it was stated as follows: "The fact that the Attorney-General and the members of the Crime Commission, in determining whether there exists a relationship between organized crime and units of government, may find it necessary to inquire as to whether individual crimes have been committed does not, as petitioner urges, render the *860 investigation unconstitutional as a usurpation of the traditional province of the grand jury in each county of the State.” (See, A,B,C,D,E,F,H,I,J,K,L v Curran, 61 Misc 2d 834, 837; see also, Matter of Wood v Hughes, supra.)
The petitioners claim the S.I.C. has sought the help and relied upon the testimony of admitted perjurors, but that is immaterial. When and if the time comes to prosecute, the Grand Jury considering the case(s) will be told they may indict only on the basis of competent legal evidence (People v Pelchat, 62 NY2d 97; see CPL 190.30, 190.65; see also, People v Ehrlich, 136 Misc 2d 514). And, presumably, if it wants to retain any credibility, the S.I.C. will consider the "source” of its information before it reaches any conclusions or makes any recommendations.
The petitioners seek judgments declaring that respondents exceeded their statutory authority, for example, by unlawfully intervening in the appointment of a Special District Attorney; and declaring they violated other statutes as well, for example, section 52 of the Civil Rights Law; and declaring that they violated the Code of Professional Responsibility. One problem is that many of the allegations made by petitioners in support of those requests have been contraverted, i.e., they do not lend themselves to a declaratory judgment without a hearing or trial. For instance, petitioners contend respondents violated section 7507 of McKinney’s Unconsolidated Laws of NY by granting immunity to certain witnesses without first "affording the attorney-general and the appropriate district attorney the opportunity to be heard”. The respondents answer by stating that in the cases in question they notified the Attorney-General but not the respondent Henry because it was Henry’s office that was being investigated. The respondents claim they "notified” a member of the Special District Attorney’s staff. Now, whether respondents’ conduct complied with the statute and, if not, what affects its failure to do so would have, should only be decided after a full hearing on the issue (cf., Matter of Commission of Investigation v Lombardozzi, 7 AD2d 48, 55, supra). There are one or more contentions, however, that are not contraverted and, while the subject matter is such that declaratory judgment relief is not appropriate, they deserve comment.
The claim is made that the S.I.C. exceeded its authority by violating section 52 of the Civil Rights Law in allowing televising and/or broadcasting of its proceedings in Suffolk County. At oral argument, the S.I.C. conceded that the pro *861 ceedings in question were, in fact, televised and broadcasted but took the position that the statute did not obligate it to enforce the ban (against televising, etc.). One might ask, if not the S.I.C. (the one conducting the hearing), then who? But any violation of section 52 is a misdemeanor, so, in effect, the petitioners are asking this court to act as prosecutor and jury, and that’s impossible. Declaratory judgment is inappropriate.
Similarly, petitioners claim the S.I.C. unlawfully intervened in the appointment of a Special District Attorney. In May 1987, petitioner Henry applied for the appointment of a Special District Attorney, pursuant to County Law § 701, to investigate the Gallagher matter, i.e., the role he (Gallagher) might have played in obtaining favorable treatment for his son who had been arrested on drug charges in Suffolk. On May 29, 1987, Judge Stark appointed an attorney named Harvey Arnoff. The S.I.C. was miffed. It claimed Henry had gone back on a promise to notify respondent Trager before he applied for the appointment of a Special District Attorney; it claimed Arnoff was about to hire an investigator from the Suffolk District Attorney’s Office — the very office he was investigating. The bottom line, apparently, was that the S.I.C. would not cooperate with Arnoff. Judge Stark, noting that Arnoff did not enjoy the S.I.C.’s "confidence”, and without it, "his continuance in office creates an adversary posture in his relationship with the Commission,” revoked his appointment of Arnoff and appointed Scaring in his stead. Again, the conduct of the S.I.C. in the Arnoff-Scaring-Gallagher matter, while perhaps regrettable, did not, in this court’s view, reach the level where it lends itself to a judgment declaring that the S.I.C. violated its authority. The appointment of the Special Prosecutor, and his replacement, was made by Judge Stark, not the respondents.
Ironically, when one examines the Gallagher matter and what eventually happened, the conclusion that petitioners are not entitled to the various relief they seek is reinforced. At a February 1987 meeting between Henry, the respondent Trager, and members of their respective staffs, Trager requested Henry to dismiss Perini "for misconduct and/or criminal conduct” and because he had committed "indictable offenses” in the Gallagher matter. But the Grand Jury impanelled by the Special District Attorney, Scaring, while indicting Gallagher, failed to indict Perini. There are (at least) two conclusions to be drawn: the S.I.C. does not have power to indict, and the S.I.C. should be more careful when it "accuses” *862 individuals of "criminal misconduct”. Fortunately, this is not a case where the actions (or "accusations”) of an investigative body result in the removal of an individual from his job (see, Hogan & Hartson v Butowsky, 459 F Supp 796, 802-803).
The petitioner Perini claims the S.I.C. violated his right to counsel and one or more provisions of the Code of Professional Responsibility when in January 1988, with knowledge that Perini was represented by private counsel, Salvatore Alamia, Esq., it contacted Henry and demanded that Henry order Perini to testify at a private hearing — contrary to Alamia’s advice. Again, a declaratory judgment cannot be granted because any charges of professional misconduct must first be referred to the appropriate Appellate Division and/or Grievance Committee. What is disturbing, however, is the position taken by respondents, viz., that the Code of Professional Responsibility does not apply to their lawyer-members. This court cannot accept the argument that the members of the S.I.C. who are lawyers somehow are "granted immunity” from their code of conduct when they act as commissioners.
While this court has concluded, for the reasons stated, that petitioners are not entitled to the relief sought, it is sensitive to the rights they seek to protect, i.e., the right of every individual to his good name and reputation and the right not to be unjustly "accused”. Similarly, the court is aware of the S.I.C.’s duty under section 7502 (10) of McKinney’s Unconsolidated Laws of NY to keep the public informed as to the problems of criminal law enforcement in the State. But in carrying out its duty, the S.I.C. must act responsibly. It is interesting, for example, to compare the inflammatory language of its press releases with the cautious language of its legal memoranda. And the S.I.C. must always remember its limited role: it investigates, it does not prosecute.
The various requests for declaratory judgments, injunctive relief and certiorari are all denied. The motion for discovery as well as the motion for permission to intervene are also denied. The cross motion to dismiss is granted. The stay contained in the order to show cause dated March 10, 1988 is vacated. The foregoing constitutes the decision and order of the court. No further order or judgment need be submitted.