■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered May 27, 1986, convicting him of criminally negligent homicide and leaving the scene of an accident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's vehicle struck and killed a 14-year-old girl. After the accident, the defendant and Eric Erickson, whose wife owned the vehicle, went to Pennsylvania. They returned the following day and upon learning that the police were looking for him the defendant went to the police station. The defendant thereupon made a videotaped statement in which he stated that the car had been stolen a few days earlier and that he had been talking to his girlfriend on the telephone at the time of the incident. Later that day he made a second videotaped statement in which he admitted driving the car that struck the girl.

At trial the defendant stated that he had made the second statement because he felt guilty, since Erickson's brother had been killed by a hit-and-run driver. The prosecutor wished to show that the defendant had confessed because the police knew what had happened. On cross-examination the prosecutor asked the defendant if he did not in fact make the statement because the investigating police officer told him that he knew every move that the defendant had made since the incident. The defendant denied this.

The defendant points out that there was testimony that the police investigator had spoken to his friend just before speaking to him. He argues that the jury would necessarily infer that he had confessed to his friend and that his friend had conveyed that confession to the police. He states that what his friend said to the police was clearly hearsay and since his friend was not called to testify he concludes that he was deprived of his right to cross-examination.

The defendant did not object to this line of questioning at trial and thus the issue of law was not preserved for appellate review (CPL 470.05 [2]). In any event, the defendant's contention is without merit. In the first place, questions are not evidence and the hearsay rule does not apply to them, although the prosecutor must have a good-faith basis for asking the questions. Moreover, assuming the jury did consider the questions, it does not follow that the only inference the jury could have drawn was that the defendant had confessed to his friend. If there was error, it was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

Finally, the defendant's challenge to the imposition of a mandatory surcharge upon his conviction is premature at this juncture *(see, People v Bethea,* 133 AD2d 836; *People v Williams,* 131 AD2d 525, *lv denied* 70 NY2d 718; *People v West,* 124 Misc 2d 622). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.