■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON IVORY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered June 8, 1988, convicting him of attempted rape in the first degree, attempted rape in the second degree, sexual abuse in the first degree, and sexual abuse in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The record establishes that the warrantless arrest of the defendant was legal as he voluntarily consented to the officers' entry into his home after they identified themselves and specified the purpose of their visit. It also establishes that the defendant voluntarily accompanied them to the police station where he knowingly and voluntarily confessed, inter alia, to the crimes for which he was indicted and ultimately convicted (see, Payton v New York, 445 US 573, 577; People v Nonni, 141 AD2d 862).

Moreover, we reject the defendant's contention that it was improper to allow into evidence that portion of his confession which contained admissions of other crimes without redaction. Since his admissions regarding the other crimes were insepar-

ably connected with his confession to the crimes with which he was subsequently charged, introduction into evidence of the entire confession was proper *(see, People v Loomis,* 178 NY 400; *People v Mitchell,* 40 AD2d 117; Richardson, Evidence § 552, at 556 [Prince 10th ed]).

Nor was it error for the trial court to allow into evidence expert testimony on child sexual abuse syndrome to help explain why the victim did not fully report the attempted rape for approximately 18 months *(see, People v Taylor,* 75 NY2d 277; *People v Keindl,* 68 NY2d 410, 422; *People v Benjamin R.,* 103 AD2d 663).

We have considered the defendant's remaining contentions and find them to be either waived or unpreserved for appellate review, or without merit *(see, People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Baldi,* 54 NY2d 137; *People v Hunt,* 148 AD2d 836; *People v Grimsley,* 60 AD2d 980; *see also, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.