■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER IREQUI, Appellant. [618 NYS2d 97] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Berkowitz, J.), both rendered February 21, 1991, convicting him of murder in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, under Indictment No. 4074/88, upon a jury verdict, and criminal possession of stolen property in the fourth degree under Indictment No. 4071/88, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 4074/88 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was

to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgments are affirmed.

We disagree with the defendant's contention with respect to his conviction under Indictment No. 4074/88 that it was error to permit a police officer to testify to that portion of his pretrial statements which contained admissions of other crimes. Since the defendant's admissions regarding the other crimes were inextricably intertwined with his statements pertaining to the crimes of which he was subsequently indicted, introduction into evidence of the entire pretrial statement was proper *(see, People v Ventimiglia,* 52 NY2d 350, 361; *People v Vails,* 43 NY2d 364, 368; *People v Ivory,* 162 AD2d 551; *People v Mitchell,* 40 AD2d 117).

We have considered the defendant's remaining contentions with respect to his conviction under Indictment No. 4074/88, and find them to be either unpreserved for appellate review, or without merit.

In light of our determination, we do not reach the defendant's contentions that in the event his conviction under Indictment No. 4074/88 is reversed, he should be permitted to withdraw his plea of guilty to criminal possession of stolen property in the fourth degree under Indictment No. 4071/88. O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.