■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CONLEY, Appellant. [783 NYS2d 83]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered May 30, 2001, convicting him of arson in the third degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In March 2000, three businesses in Amityville were destroyed by a fire. The defendant, who worked at one of the businesses as a bartender, was charged with arson and criminal mischief. He claimed that, at the time the fire was started, he was suffering an alcohol-induced blackout. However, his attorney did not proffer the testimony of an expert on this issue until the sixth day of the trial. The trial court precluded this testimony as untimely pursuant to CPL 250.10 (2). The defendant was convicted of arson in the third degree and criminal mischief in the second degree, and was sentenced as a second felony offender based on a prior out-of-state felony conviction.

Under CPL 250.10 (2), psychiatric evidence is not admissible by the defense at trial "unless the defendant serves upon the people and files with the court a written notice of his intention to present psychiatric evidence . . . before trial and not more than thirty days after entry of the plea of not guilty to the indictment." However, late notice may be filed prior to the close of the evidence where it is in the " 'interest of justice and for good cause shown' " (*People v Berk*, 88 NY2d 257, 265 [1996], *cert denied* 519 US 859 [1996], quoting CPL 250.10 [2]). Whether to allow a defendant to serve late notice is a discretionary determination to be made by the trial court (*see* CPL 250.10 [2]; *People v Berk, supra* at 265-266). In the present case, the trial court properly exercised its discretion. The defendant did not provide actual notice of his intent to present psychiatric evidence until shortly before the People rested. As a result, the People would have been deprived of their right to obtain an expert to examine the defendant.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), a rational trier of fact could have found that he intended to damage property by setting fire to it,

based on the evidence of his confession. An intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent (*see People v Dorst,* 194 AD2d 622 [1993]). Here, the jury clearly rejected that defense.

The defendant's arguments that the evidence was legally insufficient to establish his identity as the perpetrator and that his statements to the police were coerced are unpreserved for appellate review (*see People v Gray,* 86 NY2d 10, 19 [1995]; *People v Sutton,* 161 AD2d 612 [1990]; *People v Udzinski,* 146 AD2d 245, 250 [1989]), and in any event, are without merit.

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.