[926 NE2d 253, 899 NYS2d 746]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC D. CARR, Appellant.

Argued February 17, 2010; decided April 1, 2010

**APPEARANCES OF COUNSEL**

*Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Nicholas T. Texido, David C. Schopp* and *Barbara J. Davies* of counsel), for appellant.

*Frank A. Sedita, III, District Attorney*, Buffalo (*Donna A. Milling* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

A party seeking a missing witness instruction has the burden of making the request "as soon as practicable" (*People v Gonzalez*, 68 NY2d 424, 428 [1986]). Whether such a request is timely is a question to be decided by the trial court in its discretion, taking into account both when the requesting party knew or should have known that a basis for a missing witness charge existed, and any prejudice that may have been suffered by the other party as a result of the delay.

Here, defendant knew at the outset of the trial that the People did not intend to call three of the victim's relatives who were present at the time of the alleged crime. Supreme Court did not abuse its discretion in holding that defendant's request for a missing witness charge, made more than a week after the People provided their witness list, and after the People had rested their case-in-chief, came too late.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.