■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK INESTI, Appellant. [944 NYS2d 148]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered February 25, 2010, convicting defendant, after a nonjury trial, of robbery in the first degree (two counts), robbery in the second degree, assault in the second degree (two counts) and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

Defendant did not preserve his challenges to the sufficiency of the evidence, and we decline to review them in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

The court, sitting as trier of fact, properly rejected defendant's psychiatric defense, in which he asserted that, as the result of mental illness, he lacked the intent to commit robbery. Although defendant had a background of psychiatric treatment, he had a history of feigning or exaggerating psychiatric symptoms. Defendant's expert psychologist was thoroughly impeached, and the court had ample basis upon which to reject his testimony. Furthermore, although defendant testified that at the time of the crime he was fleeing from men with firearms and from demons, and performing rituals with a knife to ward the demons off, none of the eyewitnesses to the crime described any bizarre behavior by defendant, and defendant never reported this version of the incident to his own expert psychologist. Accordingly, nothing in the record casts doubt on defendant's ability to form the intent to commit robbery.

Defendant's other challenges to the sufficiency and weight of the evidence are unavailing. The trier of fact could have reasonably concluded that when defendant fled with a bag of stolen merchandise, stopped, turned around, opened a gravity knife, and said to the pursuing store manager, "Come on, come on," defendant threatened the use of a dangerous instrument (*see People v Boisseau*, 33 AD3d 568 [2006], *lv denied* 8 NY3d 844 [2007]), thus supporting the first-degree robbery conviction (*see* Penal Law § 160.15 [3]). Defendant's alternative explanation of this behavior is without merit. With respect to the convictions requiring proof of physical injury, there was ample evidence to support the conclusion that the police lieutenant's injury caused him "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]).

The court correctly permitted the People to rebut defendant's psychiatric defense by introducing tape recordings of telephone calls made by defendant while incarcerated, in which he did not exhibit any indicia of mental illness. These conversations were relevant and tended to disprove the psychiatric defense, particularly since an important basis for defendant's expert's opinion was the expert's examination of defendant during the same time period as the phone calls. The possibility that defendant's mental condition might vary from time to time went to the weight to be accorded the rebuttal evidence, rather than its admissibility.

Defendant's constitutional challenge to his sentencing as a persistent violent felony offender is without merit (*see People v Bell*, 15 NY3d 935 [2010], *cert denied* 563 US —, 131 S Ct 2885 [2011]). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.