■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK J. SIMMONS, Appellant. [39 NYS3d 128]—

Judgment, Supreme Court, Bronx County (Joseph C. Teresi, J.), rendered April 22, 2013, convicting defendant, after a jury trial, of grand larceny in the third degree and criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, unanimously reversed, on the law, and the matter remanded for a new trial.

In response to a jury note asking whether defendant could be convicted on one of the submitted counts and not the other, the court first responded that the "answer is yes." However, after the jury informed the court that it had reached a verdict, the court "corrected" its answer, telling the jury that one of the possible verdicts it could render—guilty of grand larceny in the third degree but not guilty of criminal possession of stolen property in the third degree—was "not a legally permissible verdict." Defense counsel objected "to the jury having been instructed on what they could find," and, when asked by the court whether he agreed that the contemplated mixed verdict would be a repugnant verdict, answered that he did not. The court overruled counsel's objection and, after further deliberation, the jury returned a verdict of guilty on both counts.

We agree with defendant that the court erred. "[A] verdict as to a particular count shall be set aside as repugnant only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury . . . without regard to the accuracy of those instructions" (*People v Muhammad,* 17 NY3d 532, 539 [2011] [internal quotation marks and citation omitted]). The repugnancy test is "essentially a variant of the 'theoretical impossibility' test that is applied in the realm of lesser included offenses" (*id.* at 539). Notwithstanding the overwhelming evidence as to both submitted counts in this case, and notwithstanding the practical remoteness of the possibility that a person who commits grand larceny will not also be guilty of criminal possession of the property he or she steals, our examination of the elements of the two crimes persuades us that it is theoretically possible for a person to possess the mental state required for guilt of grand larceny in the third degree, and at the same time lack the mental state necessary for guilt of criminal possession of stolen property in the third degree. Accordingly, the mixed verdict contemplated in the challenged instruction would not have been a repugnant verdict, and the court therefore erred in instructing the jury that it was "not a legally permissible verdict."

We are not persuaded by the People's argument, based on dicta in *Muhammad,* that there was no error even if the trial court was incorrect in believing that the contemplated verdict would be repugnant. *Muhammad* indicated that a trial judge faced with a mixed verdict that is not legally repugnant, but "appears to be inconsistent with the evidence presented," "may not be required to accept the verdict[ ]," but rather "can point out the apparent inconsistency to the jurors, issue further . . . instructions and ask them to continue [to deliberate]" (17 NY3d

at 545). The People argue, in essence, that the trial court permissibly did, in anticipation of a possible mixed verdict, what it could have done if it had actually received one.

We do not agree. Even if it is permissible for a court to "point out" what it sees as factual inconsistency in a mixed verdict and urge further deliberation, it may not, as the court did here, effectively mandate a factually consistent verdict in advance. We believe that *Muhammad* and other cases on inconsistent verdicts reflect that "factual repugnancy—which can be attributed to mistake, confusion, compromise or mercy" (*id.* at 545)—is ultimately the prerogative of the jury. The court's instruction here impermissibly intruded on the deliberation process.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Since a new trial is required, we find it unnecessary to reach any other issues (*see People v Evans*, 94 NY2d 499, 504-505 [2000]). Concur— Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.