**58**  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE BOWERS, Appellant. [42 NYS3d 243]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered September 28, 2012, convicting him of burglary in the third degree, petit larceny, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly admitted into evidence, under the present sense impression exception to the hearsay rule, a recording of a 911 call made by a witness for the purpose of reporting the subject burglary. Contrary to the defendant's contention, the contents of the 911 call were sufficiently corroborated by the trial testimony of the caller and the police officers who responded to the 911 call (*see People v Brown*, 80 NY2d 729, 734 [1993]; *People v Ross*, 112 AD3d 972 [2013]; *People v Robinson*, 282 AD2d 75, 82 [2001]).

The defendant's contention that the sentence imposed by the Supreme Court punished him for exercising his right to a jury trial rather than accepting a plea offer is unpreserved for appellate review (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Clerge*, 69 AD3d 955, 956 [2010]). In any event, the fact that the sentence imposed after trial was greater than the

sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial (*see People v Givhan*, 78 AD3d 730, 731-732 [2010]; *People v Johnson*, 76 AD3d 1103 [2010]; *People v Toussaint*, 74 AD3d 846 [2010]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.