THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPENCE SILBURN, Appellant. [43 NYS3d 461]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered September 10, 2013, convicting him criminal possession of a weapon in the second degree, aggravated unlicensed operation of a motor vehicle in the third degree, and unlicensed operation of a motor vehicle, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A "defendant's request to proceed pro se must be based on a knowing, voluntary, and intelligent waiver of the right to counsel" (*People v Sanchez*, 7 AD3d 645, 646 [2004]). Here, the Supreme Court did not violate the defendant's right to self-representation, since the defendant made no such waiver. Contrary to the defendant's contentions, he never asserted a

desire to proceed pro se at trial, but only asked to "go pro se with standby counsel," a request that was properly denied by the court (see *People v Henriquez*, 3 NY3d 210, 215 [2004]; *People v Rodriguez*, 95 NY2d 497, 501 [2000]).

Testimony from the arresting detective about his actions in response to a report of a "forcibly taken" vehicle was properly admitted to explain the events precipitating the defendant's arrest (see *People v Tosca*, 98 NY2d 660, 661 [2002]; *People v Goodson*, 35 AD3d 760, 761 [2006]). Moreover, since the defendant's admissions at the police precinct regarding any uncharged crimes were inextricably intertwined with his statements pertaining to the crimes of which he was subsequently indicted, introduction into evidence of his entire pretrial statement was proper (see *People v Irequi*, 208 AD2d 952, 953 [1994]).

The recordings of telephone calls made between the defendant and others while the defendant was incarcerated at Rikers Island did not violate the defendant's right to counsel, as there was no evidence that the people with whom the defendant spoke were acting as agents of the police (see *People v Jackson*, 125 AD3d 1002, 1003 [2015]). The portions of the transcripts of the calls to which the defendant objected were properly introduced at trial, as their content was necessary to complete the narrative of the events that had transpired (see *People v Tosca*, 98 NY2d at 661). The defendant failed to preserve for appellate review his contention that the statements "I tried to set the precinct on fire" and "blow an L down the hall" should have been redacted from the transcripts of the calls, as he never objected to the admission of these statements (see CPL 470.05 [2]). In any event, even though these particular statements should have been redacted, the evidence of the defendant's guilt, without reference to the admission of these statements, was overwhelming, and there is no reasonable possibility that their admission might have contributed to the defendant's conviction (see *People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Barnes*, 120 AD3d 1355 [2014]). Moreover, the defendant also failed to preserve for appellate review his contention that the statements "All I need is my gun on my hip, that's my license" and "No, he can't defend himself from me. I already box his ass up already, I already done beat his ass. He know he ain't ready for me . . . dad's going down" should have been redacted from the transcripts, as the defendant never objected to the admission of these statements (see CPL 470.05 [2]). In any event, the defendant's contention is without merit, as the content of these statements was neces-

sary to complete the narrative of the events that had transpired (*see People v Tosca*, 98 NY2d at 661).

The Supreme Court also did not err in denying the admission of the defendant's psychiatric history into evidence, as the defendant did not provide actual, timely notice of his intent to present psychiatric evidence (*see* CPL 250.10; *People v Conley*, 11 AD3d 706, 707 [2004]). In any event, contrary to the defendant's contentions, the proffered psychiatric evidence would not have established that the defendant had been unable to knowingly and voluntarily waive his right against self-incrimination at the time of his apprehension.

The defendant failed to preserve for appellate review his contention that the Supreme Court improperly delegated its duty when it directed prospective jurors who were claiming a hardship to speak with a clerk outside of the courtroom (*see People v Cunningham*, 119 AD3d 601 [2014]; *People v King*, 110 AD3d 1005, 1006 [2013]; *People v Casanova*, 62 AD3d 88, 92 [2009]; *People v Toussaint*, 40 AD3d 1017, 1017-1018 [2007]). In any event, the defendant's contention is without merit (*see People v Cunningham*, 119 AD3d 601 [2014]; *People v Toussaint*, 40 AD3d at 1017-1018).

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim[ ] of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011] [internal quotation marks omitted]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Marryshow*, 135 AD3d 964, 965 [2016]; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

Finally, the defendant's contention that the sentence imposed by the Supreme Court punished him for exercising his right to a jury trial rather than accepting a plea offer is unpreserved for appellate review (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Brown*, 38 AD3d 676, 677 [2007]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, stand-

ing alone, establish that the defendant was punished for exercising his right to trial (*see People v Bowers*, 144 AD3d 1049 [2d Dept 2016]; *People v Gibbs*, 120 AD3d 510 [2014]). We find that the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.