■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO ROMAN, Appellant. [46 NYS3d 883]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 9, 2015, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

The verdict convicting defendant of fourth-degree grand larceny but acquitting him of fourth-degree criminal possession of stolen property was not repugnant (*see generally People v Muhammad*, 17 NY3d 532, 539 [2011]), and the court properly denied defendant's application to resubmit the case to the jury. The two crimes have different sets of elements, and in its charge, the court gave each crime's set of elements its own distinct set of definitions. We conclude that given the elements of the two crimes, as charged to the jury in this case, it is theoretically possible for a person to be guilty of the larceny charge while not guilty of the stolen property charge (*see People v Simmons*, 142 AD3d 884, 885 [1st Dept 2016]; *People v Buford*, 198 AD2d 55 [1st Dept 1993], *lv denied* 82 NY2d 892 [1993]). We do not find *People v Johnson* (70 NY2d 964 [1988], *affg* 133 AD2d 175 [2d Dept 1987]) to be controlling authority to the contrary, because its repugnancy analysis is based on, and limited to, the particular jury charge in that case. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.