■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACY STRICKLIN, Appellant. [58 NYS3d 489]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered May 15, 2013, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was deprived of his constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Terrell*, 78 AD3d 865, 866 [2010]; *People v Morris*, 187 AD2d 460, 461-462 [1992]; *People v Eason*, 160 AD2d 1018, 1019 [1990]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant failed to preserve for appellate review his contention that the prosecutor's questioning of a defense witness about statements made to the police by a nontestifying witness violated the defendant's rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution, as he did not object on that ground (*see People v Currie*, 131 AD3d 1265, 1266 [2015]; *People v Prince*, 128 AD3d 987, 987 [2015]). In any event, the contention is without merit because the nontestifying witness's statements were not offered as evidence of the truth of the matter asserted therein (*see People v Crawford*, 54 AD3d 961, 962 [2008]; *People v Algarin*, 15 AD3d 411, 411 [2005]; *People v Ortiz*, 135 AD2d 743, 744 [1987]).

The defendant's contention in his pro se supplemental brief that he was deprived of a fair trial because the prosecutor knowingly introduced false testimony, attempted to manipulate defense counsel, and repeatedly questioned witnesses about matter they initially denied having any knowledge of is unpreserved for appellate review and, in any event, without merit (*see People v Schwartzman*, 24 NY2d 241, 244 [1969]; *People v Alonso*, 91 AD3d 663, 665-666 [2012]; *People v Smith*, 248 AD2d 148 [1998]).

The defendant's contention in his pro se supplemental brief that the People withheld *Rosario* material is also unpreserved for appellate review (*see People v Rosario*, 9 NY2d 286 [1961]; *People v Jacobs*, 71 AD3d 693, 693 [2010]; *People v Swinson*, 227 AD2d 508 [1996]). In any event, the contention is without merit (*see* CPL 240.44 [1]; 240.45 [a] [1]; *People v Morrow*, 143 AD3d 919, 920 [2016]).

Finally, contrary to the defendant's contention in his pro se supplemental brief, the Supreme Court, despite its earlier *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), properly permitted the prosecutor to enter one of the defendant's prior convictions into evidence for the limited purpose of determining whether that conviction affected the defense expert's opinion. The evidence contradicted the defendant's self-reported legal history, upon which the expert partly relied in formulating his opinion (*see People v Fardan*, 82 NY2d 638, 645-647 [1993]). To the extent the defendant argues that the prosecutor's questioning of the defense expert went beyond the bounds of the *Sandoval* ruling, the defendant failed to preserve his contention for appellate review by raising a specific objection to that effect before the court, and, in any event, any error resulting from that questioning was harmless (*see People v Crimmins*, 36 NY2d 230, 240-242 [1975]; *People v Ellis*, 138

AD3d 1136, 1136-1137 [2016]). Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.