■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL JENKINS, Appellant. [57 NYS3d 894]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered October 1, 2014, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Cahill*, 2 NY3d 14, 57 [2003]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, upon our independent review of the record (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Busano*, 141 AD3d 538, 542 [2016]; *People v Cole*, 140 AD3d 1183 [2016]; *People v Brown*, 38 AD3d 676 [2007]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial (*see People v Mujica*, 146 AD3d 902 [2017]; *People v Silburn*, 145 AD3d 799 [2016], *lv granted* 29 NY3d 952 [2017]; *People v Bowers*, 144 AD3d 1049 [2016]). Furthermore, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.