People v Torres (2019 NY Slip Op 01151)





People v Torres


2019 NY Slip Op 01151


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


423/14 8409 8408

[*1]The People of the State of New York, Respondent,
v
Carlos Torres, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith S. Lieb, J.), rendered July 13, 2015, as amended November 22, 2015, convicting defendant, after a jury trial, of criminal sexual act in the second degree, rape in the second degree and endangering the welfare of a child, and sentencing him to an aggregate term of 14 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The fact that the jury acquitted defendant of charges involving additional incidents does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
The court properly denied, on the ground of untimeliness, defendant's request for a missing witness charge relating to a friend of the victim's family. Although defendant was made aware at the end of jury selection that the People did not plan to call this witness, defendant waited until both sides had rested to make his request. Accordingly, the request was untimely (see People v Carr, 14 NY3d 808[2010]). Moreover, the record also supports the court's alternative grounds for denying the request (see generally People v Gonzalez, 68 NY2d 424, 428 [1986]).
The court providently exercised its discretion in precluding defendant from attempting to elicit that the teenaged victim had previously been sexually molested by her stepfather or father. This evidence was properly excluded under both the Rape Shield Law (CPL 60.42) and general principles of relevance. Defendant offered nothing but vague and unreliable information to support the claimed prior molestation, which the victim and her mother denied (see People v Tohom, 109 AD3d 253, 274 [2d Dept 2013], lv denied 22 NY3d 1203 [2014]). Furthermore, defendant presented a tenuous theory of relevance that had little or no bearing on the victim's credibility (see People v Segarra, 46 AD3d 363 [1st Dept 2007], lv denied 10 NY3d 816 [2008]). [*2]To the extent that defendant is raising a constitutional claim, it is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK