People v Parker (2020 NY Slip Op 01365)





People v Parker


2020 NY Slip Op 01365


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-01314
 (Ind. No. 77/17)

[*1]The People of the State of New York, respondent,
v
Shamar A. Parker, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered December 19, 2017, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
We agree with the County Court's determination to deny that branch of the defendant's omnibus motion which was to suppress a gun recovered from his person during a traffic stop. On a motion to suppress evidence, the defendant bears the ultimate burden of proof, by a preponderance of the evidence, when challenging the legality of a search and seizure, but the People bear the initial burden of showing the legality of the police conduct (see People v Whitehurst, 25 NY2d 389, 391; People v Spann, 82 AD3d 1013, 1014; People v Thomas, 291 AD2d 462, 463). The credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Watson, 163 AD3d 855, 856-857; see People v Casey, 149 AD3d 770, 771). Here, a police officer's testimony at the suppression hearing established that the police had the authority to stop the vehicle in which the defendant was a passenger based on the driver's failure to signal while pulling into traffic from its parked position at the curb (see Vehicle and Traffic Law § 1163[a], [d]; People v Grimes, 133 AD3d 1201, 1202). Upon making the valid traffic stop, the police had the discretion to order the occupants to exit the vehicle (see People v Garcia, 20 NY3d 317, 321; People v Robinson, 74 NY2d 773, 774-775; People v Grant, 83 AD3d 862, 863). Further, given the defendant's behavior, which included the defendant's initial refusal to exit the vehicle, his "looking around over his shoulders, both shoulders, back and forth" when asked to exit the vehicle, and then, upon exiting the vehicle, his attempt to shield his front and left side from the officer, the officer had a sufficient and reasonable basis to conduct a pat down search of the defendant's waistband and to remove the gun found therein (see CPL 140.50[3]; People v Patron, 141 AD3d 545, 545-546; People v Grant, 83 AD3d at 863).
The defendant's contention that the County Court's sentence impermissibly penalized him for exercising his right to a suppression hearing is unpreserved for appellate review since he [*2]neither objected to the sentence nor raised this issue at the time of sentencing (see People v Hurley, 75 NY2d 887, 888; People v Nahshal, 146 AD3d 817, 819; People v Silburn, 145 AD3d 799, 801, affd 31 NY3d 144). In any event, the fact that the sentence imposed after the hearing was more severe than the sentence offered earlier during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to a hearing (see People v Nahshal, 146 AD3d at 819; People v Silburn, 145 AD3d at 801). Under the circumstances, the defendant's contention that the court's sentence impermissibly penalized him for exercising his right to a hearing is without merit (see People v Nahshal, 146 AD3d at 819).
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court