People v Arman (2020 NY Slip Op 07082)





People v Arman


2020 NY Slip Op 07082


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2017-08746
 (Ind. No. 228/16)

[*1]The People of the State of New York, respondent,
v
Jahid Arman, appellant.


James Kousouros, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered August 3, 2017, convicting him of robbery in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that counsel was ineffective for not moving to set aside the verdict convicting the defendant of two counts of robbery in the second degree but acquitting him of criminal possession of stolen property in the fifth degree as repugnant is without merit. The defendant's acquittal of criminal possession of stolen property in the fifth degree did not render inconsistent or repugnant his convictions of two counts of robbery in the second degree (see generally People v Muhammad, 17 NY3d 532, 539). The count of criminal possession of stolen property, as charged, contained elements not found in the robbery counts (see People v Roman, 147 AD3d 657; People v Simmons, 142 AD3d 884, 885; People v Buford, 198 AD2d 55). "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287; see People v Shoshi, 177 AD3d 779, 781).
The defendant's contention that the Supreme Court's sentence impermissibly penalized him for exercising his right to a trial is unpreserved for appellate review since he neither objected to the sentence nor raised this issue at the time of sentencing (see People v Hurley, 75 NY2d 887, 888; People v Parker, 180 AD3d 1072, 1073; People v Silburn, 145 AD3d 799, 801, affd 31 NY3d 144). In any event, the fact that the sentence imposed after the trial was more severe than the sentence offered earlier during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to a trial (see People v Parker, 180 AD3d at 1073). Under the circumstances, the defendant's contention that the court's sentence impermissibly penalized him for exercising his right to a trial is without merit (see id.). Furthermore, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Although the defendant also moved to vacate the judgment of conviction pursuant [*2]to CPL 440.10, the issues raised in that motion are not properly before this Court, as he was denied leave to appeal from the order denying that motion by decision and order on application of this Court dated February 7, 2020 (see People v Johnson, 112 AD3d 969, 170).
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court