People v Parker (2021 NY Slip Op 06968)





People v Parker


2021 NY Slip Op 06968


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Ind. No. 3291/16 Appeal No. 14844 Case No. 2018-2567 

[*1]The People of the State of New York, Respondent,
v
Robert Parker, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel Conviser, J.,), rendered December 19, 2017, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of alleged inconsistencies between the victim's testimony and that of eyewitnesses. The evidence supports the conclusion that defendant used a dangerous instrument in the course of the robbery by threatening and striking the victim with a cane (see e.g. People v Inesti, 95 AD3d 690, 691 [1st Dept 2012], lv denied 19 NY3d 1026 [2021]; People v Boisseau, 33 AD3d 568 [1st Dept 2006], lv denied 8 NY3d 844 [2007]).
The court providently exercised its discretion in denying defendant's request for a missing witness charge regarding the victim's 14-year-old daughter, a resident of Beijing, China, who had witnessed the robbery while accompanying her father on a visit to New York. The court correctly found that the application, made near the end of the People's case, was untimely (see People v Carr, 14 NY3d 808 [2010]). The record reveals that defendant had sufficient information to be in a position to request a missing witness charge before the trial commenced, or at least at a stage of the trial where double jeopardy had not attached. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021