People v Guiebre (2024 NY Slip Op 00780)

People v Guiebre

2024 NY Slip Op 00780

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2019-01644
 (Ind. No. 7234/16)

[*1]The People of the State of New York, respondent,
v
Romaric Guiebre, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Melissa Wachs of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered December 13, 2018, convicting him of predatory sexual assault, burglary in the first degree as a sexually motivated felony, robbery in the second degree as a sexually motivated felony, sexual abuse in the first degree, assault in the second degree as a sexually motivated felony, criminal obstruction of breathing or blood circulation, grand larceny in the fourth degree, and unlawful imprisonment in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of predatory sexual assault, a determinate term of imprisonment of 25 years plus 5 years of postrelease supervision on the conviction of burglary in the first degree as a sexually motivated felony, a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of robbery in the second degree as a sexually motivated felony, a determinate term of imprisonment of 7 years plus 10 years of postrelease supervision on the conviction of sexual abuse in the first degree, a determinate term of imprisonment of 7 years plus 3 years of postrelease supervision on the conviction of assault in the second degree as a sexually motivated felony, a definite term of imprisonment of 1 year on the conviction of criminal obstruction of breathing or blood circulation, an indeterminate term of imprisonment of 1&frac13; to 4 years on the conviction of grand larceny in the fourth degree, and a definite term of imprisonment of 1 year on the conviction of unlawful imprisonment in the second degree, with the sentences imposed on the convictions of predatory sexual assault and robbery in the second degree as a sexually motivated felony to run consecutively to each other and concurrently with all other sentences. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant was convicted, after a jury trial, of predatory sexual assault, burglary in the first degree as a sexually motivated felony, robbery in the second degree as a sexually motivated felony, and other related charges arising out of the sexual assault of the complainant in her apartment where the defendant had previously provided cleaning services. Contrary to the [*2]defendant's contention, the Supreme Court's determination at the suppression hearing that the defendant voluntarily consented to the entry by the police into his apartment without a warrant was supported by the evidence at the hearing. A detective testified at the hearing that officers knocked on the defendant's door and identified themselves as officers and asked the defendant if they could come inside. The detective also testified that the defendant orally consented to their request and that he thereafter voluntarily agreed to accompany the officers to the police station. Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress statements he made during his interviews at the police station as fruit of an unreasonable seizure under Payton v New York (445 US 573) (see People v Ivory, 162 AD2d 551).
Contrary to the defendant's contention, the conviction of robbery in the second degree as a sexually motivated felony was not against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
To the extent that DNA mixtures recovered from a bathroom light switch in the complainant's apartment and from the complainant's right second finger and corresponding testimony by the People's expert witness that the defendant was a possible contributor to those DNA mixtures should have been precluded by the Supreme Court due to the lack of any accompanying statistical analysis (see People v Wright, 25 NY3d 769), any error in admitting such evidence was harmless because the evidence of the defendant's guilt, without reference to such evidence, was overwhelming, and there was no significant probability that any such error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 242).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. "After review of the [pretrial and trial] record[s] in [their] entirety, and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel" (People v Bell, 298 AD2d 398, 399; see People v Lewis, 215 AD3d 982, 983). "Trial counsel cannot be deemed ineffective for failing to make an objection or motion that would have little chance of success" (People v Bell, 188 AD3d 904, 906; see People v Caban, 5 NY3d 143, 152).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court