People v Kwaw (2025 NY Slip Op 03736)

People v Kwaw

2025 NY Slip Op 03736

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2017-02721
 (Ind. No. 636/16)

[*1]The People of the State of New York, respondent,
v
Frank Kwaw, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered March 7, 2017, convicting him of attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, arising out of an altercation between the defendant and others in front of an apartment complex in Westchester County.
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying as untimely the defendant's application for a missing witness charge, since the defendant failed to make the application until after the People rested (see People v Carr, 14 NY3d 808, 809; People v Gonzalez, 68 NY2d 424, 428). Likewise, under the circumstances, the court properly exercised its discretion in denying the defendant's application to call that same potential witness solely to put him to his claim of privilege against self-incrimination in the presence of the jury (see People v Thomas, 51 NY2d 466, 472).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the count of attempted murder in the second degree (see People v Danielson, 9 NY3d 342, 349). The evidence at trial demonstrated that the defendant, with the intent to cause the death of a person, engaged in conduct which, if successful, would have effected the death of the victim (Penal Law §§ 125.25[1]; 110.00). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the count of attempted murder in the second degree was not against the weight [*2]of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court's sentence impermissibly penalized him for exercising his right to a trial is unpreserved for appellate review, since he neither objected to the sentence nor raised this issue at the time of sentencing (see People v Hurley, 75 NY2d 887, 888; People v Arman, 188 AD3d 1237, 1238). "In any event, the fact that the sentence imposed after the trial was more severe than the sentence offered earlier during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to a trial" (People v Arman, 188 AD3d at 1238; see People v Parker, 180 AD3d 1072, 1073). Under the circumstances, the defendant's contention that the court's sentence impermissibly penalized him for exercising his right to a trial is without merit.
The defendant's contention that the County Court should have precluded the People from asking him on cross-examination whether he "pulled a knife" on the gunshot victim prior to the altercation is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court providently exercised its discretion in finding that the defendant's testimony on direct examination that he was trying to quell the conflict between the gunshot victim and the defendant's girlfriend opened the door to the limited inquiry on cross-examination about whether the defendant "pulled a knife" on the gunshot victim in the week prior to the altercation (see People v Fardan, 82 NY2d 638, 646; People v Stricklin, 152 AD3d 549, 550). Moreover, the court provided an appropriate limiting instruction to the jury (see People v Fardan, 82 NY2d at 646-647; People v Quezada, 116 AD3d 796, 797). Likewise, the defendant failed to preserve for appellate review his contention that a detective's testimony that the defendant's girlfriend told him that the defendant shot the gun constituted impermissible hearsay (see CPL 470.05[2]; People v Walker, 70 AD3d 870, 871). In any event, although the admission of this testimony was improper, the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's contentions that the County Court improperly allowed the People to elicit testimony about the defendant's prior bad acts and that the defendant was deprived of the effective assistance of counsel are without merit (see People v Reid, 19 NY3d 382, 388; People v Benevento, 91 NY2d 708, 712).
The defendant's remaining contentions are unpreserved for appellate review.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court